## BRITTON v. WHEELER.

In a suit, under the statute, against the maker and indorser of a promissory note, and process served on both, the plaintiff cannot enter a *nol. pros.* as to one (who has not pleaded a matter going to his personal discharge), and proceed to judgment against the other.

ERROR to the *Vanderburgh* Circuit Court.

PERKINS, J.—Assumpsit against the maker and indorser of a promissory note negotiable and payable at a chartered bank in this state, and founded on the 157th sect. of chapt. 40 of the R. S. of 1843. Process was served on both defendants, but on *Pierce*, one of them, the service was not ten days prior to the first day of the term of the Court to which the writ was returnable. The defendants not appearing, the plaintiff entered a *nolle prosequi* as to *Pierce*, and took judgment by default against *Britton*, the other defendant.

The judgment must be reversed. By proceeding under the statute above referred to, the plaintiff elected to treat the maker and indorser of the note as joint contractors, and must be governed in his suit by the rules of law applicable to such. *Dillon* v. *The State Bank*, 6 Blackf. 5.—*Goodlet* v. *Britton*, *Id*. 500. The law is, that in actions *ex contractu* a *nol. pros.* cannot be entered as to one defendant and the suit prosecuted against the others, till after such defendant shall have severed in pleading, and pleaded matter going to his personal discharge. 1 Chitt. Pl. 599.—1 Howard's *U. S.* Rep. 104.—1 Blackf. 140.—5 *id*. 332.—6 *id*. 500.

May Term,    *Per Curiam.*—The judgment is reversed with costs.
   1846.     Cause remanded, &c.

 Dunn          *J. Lockhart*, for the plaintiff.
   v.
 Hall.         *C. I. Battell*, for the defendant.