Nov. Term,
1857.

KIRBY and Another *v.* CANNON.

KIRBY
v.
CANNON.

A party may subpœna his witnesses for a trial at law, without special leave of Court; but he cannot re-examine them on the trial without such leave.

And the rule is the same as to depositions; a party cannot retake the deposition of a witness without leave.

For what should be embraced by the record on appeal to this Court, see the opinion.

A motion for a new trial must be in writing; and where the record does not show that the motion was thus made, no question is presented upon the evidence.

In a suit against two upon contract, if one plead infancy, and be an infant, the plaintiff may *nol. pros.* as to him, and proceed to judgment as to the other; and in such case, it seems, a release of the infant would not release the adult.

But to the plea of infancy, the plaintiff, instead of entering a *nol. pros.*, may reply a confirmation by the infant after becoming of age, whereby he had become a joint contractor, and liable as such; and in such case, it seems, a release of the infant would release both.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—Assumpsit by *Leonard* and *Valentine Kirby* against *George Cannon*, upon two promissory notes dated *April* 21, 1846, amounting together to 624 dollars and 64 cents. The action was commenced in *August,* 1851. Pleas, 1. Non assumpsit. 2. Payment. 3. That before the giving of the notes, the defendant and one *Charles Cannon*, as partners, were indebted to the plaintiffs for merchandise purchased of them, in the sum of 1,224 dollars and 64 cents; that on the 21st day of *April*, 1846, the defendant paid the plaintiffs 600 dollars on said account, and gave them said notes for the residue; that in 1848, the plaintiffs brought suit on said account against *G.* and *C. Cannon*, in the county Court of *Fairfield* county, *Connecticut;* that while said suit was pending, the plaintiffs, on the 30th day *January*, 1849, by their release under seal, in consideration of 300 dollars paid them by said *Charles Cannon*, released him from all liability to them, and that said demand was at that time due the plaintiffs from *G.* and *C. Cannon*. Two other pleas were filed, setting up substantially the same defense.

The plaintiffs took issue on the first and second pleas,

*Monday,*
*November* 23.

and demurred to the third, fourth, and fifth.  The demurrers were overruled and withdrawn.  They thereupon replied to the third plea, that after the making of said release, on the 20th day of *June*, 1851, the defendant executed a power of attorney in which he admitted the correctness of said notes, and appointed an attorney to appear for him in the *Cass* Circuit Court, and to confess judgment in favor of the plaintiffs against him for the amount then due upon them.  To the fourth plea, they replied that at the time said account accrued, the said *Charles Cannon* was an infant.  To the fifth they replied, as to the third, setting out a declaration in favor of the plaintiffs against the defendant, upon the notes, and a power of attorney indorsed upon it, under seal of the defendant, appointing an attorney, and authorizing judgment to be confessed.

The defendant demurred to the replication.  The demurrers were overruled.  He thereupon withdrew his demurrer to the replication to the fifth plea, and rejoined that at the time of the execution of said power of attorney, he had not been informed of the giving of the release by the plaintiffs.  This rejoinder, on demurrer, was adjudged good; and the demurrer was withdrawn, and issue taken upon it.

Trial by the Court; finding and judgment for the defendant.  The record contains the evidence.

*Charles Cannon* was twice examined as a witness.  His first deposition was taken in *Connecticut, February* 5, 1852, and his second, *April* 16, 1853.  The plaintiffs moved to suppress the second, because the first was on file when the second was taken, and taken without leave of the Court.  The motion was overruled, and they excepted.

These depositions were taken while the R. S. of 1843 were in force.  Section 281, p. 722, of that revision requires the clerk to issue a *dedimus potestatem*, at the request of any party, and provides that no order of the Court shall be necessary to authorize it.  But this fact does not affect the rule as to the right to re-examine witnesses.  A party may subpœna his witnesses for a trial at law, without special leave of Court; but he cannot re-examine them on the trial without such leave.  The rule is the same as to depo-

sitions.   A party cannot retake the deposition of a witness,
or take his supplementary deposition, without leave.   All
the authorities say this.   Gresley's Equity Ev. p. 201.—
2 Dan. Ch. Pr. Perk. Ed. 1064 to 1068.   Lord THURLOW,
in an opinion, says: "The first question is, whether, in any
case, a witness who has already been examined in the
cause, can be again examined before the master without
leave of the Court had for that purpose; and this is a dry
point of practice."   He denies that it can be done, but ad-
mits that the Court will always grant the leave "wherever
the substantial justice of the case requires it;" though it
will put the party upon terms, &c., to prevent unnecessary
trouble and expense, and, "what is a still greater object, to
avoid the danger of perjury, which would be increased by
a witness deposing a second time to the same facts, after
having seen where the cause pinched, and how his testi-
mony bore upon it."   Gresley, *supra.*

The appellant insists that the decision of the Circuit
Court was wrong upon the evidence; but the appellee ob-
jects that the record does not show a motion for a new
trial to have been properly made, and, therefore, that the
evidence cannot be reviewed.   The statement in the re-
cord, in that behalf, after the finding of the Court, is as fol-
lows: "And thereupon the plaintiffs moved the Court for a
new trial, assigning the general cause, that the finding of
the Court was contrary to law and evidence, which motion
the Court overruled."   Then follows the exception.   The
statute requires that an application for a new trial shall be
by motion, upon written cause filed at the time of making
the motion.   2 R. S. p. 119, s. 355.—*McKinney* v. *Springer,*
6 Ind. R. 453.—*Addleman* v. *Erwin, id.* 494.   The ques-
tion arises—Is the statute shown to have been complied
with?

Little regard is paid to clerical accuracy, in making the
records which come to this Court.   Nor is the fault charg-
able entirely to the clerks.   The legislature having dis-.
pensed with complete records in most cases, the making of
a perfect record is but a rare occurrence.   Those which are
brought here usually consist of a transcript of the various

papers filed in the cause, and of the orders of the Court. A record is an entire thing. It is composed, generally, of an orderly and methodical history of what has transpired in a cause in the Court whose acts it is designed to perpetuate. It is an engrossment, rather than a copy, of those documents which properly constitute the record, eschewing all foreign and superfluous matter. It must consist, under the R. S. 1852, p. 159, s. 559, of—

"All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (except a summons for the defendant, where all the persons named in it have appeared to the action, and summonses for witnesses, depositions, and other papers which are used as mere evidence); but a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions, and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception, or order of Court, and directed to be certified by the appellant. Neither shall the clerk certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleading first filed, and the amendments thereto; but shall certify such amended pleading only. Every paper and pleading above excepted may be made a part of the record by exceptions, or order of the Court, on motion. If the clerk should certify matter not material to the determination of the appeal, the Supreme Court may direct the person blameable therefor, to pay the costs thereof."

Now, the statute in reference to new trials, requires a motion therefor to be made in writing. It is as necessary that it should be so made, as it is that a complaint or answer should be in writing. It is as necessary a paper in the cause, when filed, as is the declaration or answer; and, if filed, would, we should presume, be transcribed by the clerk, with the other necessary papers in the cause, in making up the record. It ought to be so transcribed.

We think, therefore, that the record does not present the case to this Court upon the evidence.

It may be observed, however, that in a suit against two

upon contract, if one plead infancy, and be an infant, the plaintiff may *nol. pros.* as to him, and proceed to judgment as to the other.  *Britton* v. *Wheeler*, 8 Blackf. 31.  The reason is, that the infant is not liable as a joint contractor. He need not have been sued in the first place.  It would seem to follow, for the same reason, that a release of the infant, he not being liable as a joint contractor, would not release the adult.

But, to the plea of infancy, the plaintiff, instead of entering a *nol. pros.*, may reply a confirmation of the contract after arrival at majority, whereby the infant had, before suit, became a joint contractor, and liable as such.  And should such turn out to be the fact, a joint judgment might be obtained.  And, under such a state of the case, the infant having become jointly liable, it would seem to follow that a release to him would release both—would release the debt.  It will be a question upon the evidence, on a subsequent trial.  See *Nicklaus* v. *Roach et al.*, 3 Ind. R. 78.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c., with leave to amend.

STUART, J., was absent.

*W. Z. Stuart*, for the appellants.

*D. D. Pratt*, for the appellee.