*R. J. Ryan,* and *J. C. Bufkin,* for the appellee.

---

### WELBORN *v.* SWAIN.

DEPOSITIONS—PRACTICE.—Where the certificate to a deposition states that the deponent "was sworn to testify the whole truth of his knowledge touching the matters in controversy in the cause," it should be held to be an immaterial deviation from the exact requirements of the statute in such cases.

APPEAL from the *Henry* Circuit Court.

DAVISON.—This was an action by *Swain* against *Welborn* for work and labor; for money paid, laid out and expended; for goods sold and delivered; for money loaned, and for money due upon an account stated, &c.

Welborn *v.* Swain.

Defendant answered by a denial. Verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment.

There is a bill of exceptions which shows that defendant moved to suppress the deposition of *Thomas Lewis* on the ground that the officer before whom it was taken does not state, in his certificate, that the witness was sworn to "testify the truth, the whole truth and nothing but the truth," nor that he was sworn "according to law." The certificate, however, does state that, "witness was sworn to testify the whole truth of his knowledge touching the matters in controversy in the cause aforesaid."

There is a provision of the statute which says: "An unimportant deviation from any directions relative to the taking of depositions, shall not cause any deposition to be excluded where no substantial prejudice would be done to the opposite party." 2 R. S. p. 180, § 272.

We think this provision applies to the case before us. The witness was sworn to testify "the whole truth" within his knowledge "touching the matters in controversy in the cause." This, it seems to us, was substantially a swearing "according to law;" *id.* p. 176, § 258; and may be regarded "an unimportant deviation" from the literal requirements of the statute; nor does it appear that, by such deviation, the defendant was in any degree prejudiced. There being no other point made by the appellant in his brief, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages, and costs.

*James Brown* and *J. B. Julian,* for the appellant.
*Mellett & Martindale,* for the appellees.