Addleman *v.* Swartz.

---

ADDLEMAN *v.* SWARTZ.

DEPOSITIONS—PRACTICE.—It is competent for the Court, on oral or written motion, to allow a party to re-examine witnesses, whose depositions have already been taken and filed in the cause, and are unpublished and unsuppressed; but such examination can not be made without leave of the Court.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought an action against *Addleman* to require him to deliver up to her a note and mortgage given by her to him, and in his possession, as paid and satisfied.

The facts alleged in the complaint are substantially these: On *September* 28, 1860, the defendant for the consideration of 1,500 dollars, conveyed to the plaintiff the south half of lot No. 163 in the city of *Richmond;* at the time of the conveyance she executed to him three notes for the purchase money, and a mortgage on the lot to secure their payment. The first and second notes, which were for 300 dollars each, have been paid. The third for 600 dollars, and payable at three years, with interest after two years, has a credit of 110 dollars. It is averred that, at the time of the execution of the notes and mortgage, she held promissory notes on one *Joseph Bedsford,* which in the aggregate, amounted to 1,500 dollars, and that, after the payment of the two first notes and the 110 dollars on the third, and before maturity of the third note, viz: in *February,* 1861, the defendant, in pursuance of an agreement with *Bedsford,* agreed with and promised the plaintiff that if she would surrender up and cancel the notes she held on *Bedsford* he, defendant, would release, satisfy and discharge the balance of said third note and the mortgage, and would receive from *Bedsford* his note for 500 dollars, at one year, in full payment and satisfaction therefor. It is further averred that plaintiff, in compliance with the agreement, did then and there surrender up and cancel her notes on *Bedsford,* and that he then and there executed to the defendant his note for 500 dollars, payable in one year, which note he, defendant, received and retained and still holds; but plaintiff in fact says that defendant, in violation of said agreement, did not deliver up, satisfy and discharge said note and mortgage, but has refused and still refuses to do so.

Addleman *v.* Swartz.

The issues were submitted to the Court who found for the plaintiff, and, having refused a new trial, rendered judgment, &c.

The record contains a bill of exceptions which shows that the plaintiff, at the proper time, moved for leave to retake the depositions of *Josephine Bretsford* and *Levi Loyd,* whose depositions had been taken in the cause and then remained on file, unsuppressed, on the ground that defendant had taken depositions since the plaintiff's depositions were taken, disclosing facts which plaintiff wished to disprove by said witnesses. Which motion the defendant resisted for the reasons that it was not in writing; that no interrogatories or affidavit were filed by the plaintiff, and that no examination of said depositions was made. The Court sustained the motion and granted leave to re-examine the witnesses, without any special directions as to what points they should be examined on, and the defendant excepted.

This exception, it seems to us, is not well taken. " A party may subpœna his witness for a trial without special leave of the Court; but he can not re-examine them without such leave. The rule is the same as to depositions. A party can not retake the deposition of a witness without leave; but the Court will always grant the leave whenever the substantial justice of the case requires it." *Kirby* v. *Cannon,* 9 Ind. 371, 373; 2 R. S., G. & H., p. 175, sec. 249. Indeed the granting of such leave is a matter within the discretionary powers of the Court, and by its rulings in this instance such discretion does not seem to have been improperly exercised. But in this case the depositions, as retaken, were filed, published and read on the trial without objection in any form, and hence it must be inferred that all objections to them, as evidence in the cause, were waived.

We are not inclined to set out the evidence, as it stands in

the record, but having examined it carefully we are of opinion that its weight sustains the finding of the Court.

*Per Curiam.*—The judgment below is affirmed, with costs.

*James Perry*, for the appellant.