# RAMSEY v. FLANNAGAN.

DECEDENTS' ESTATES.—*Executor De Son Tort.*—*Pleading.*—Complaint alleging: that the plaintiff held a note against J. R., for fees as an attorney in a certain case pending in a certain court, said note to become due whenever such suit was decided; that judment had been rendered in said action, and said note was due and unpaid; that subsequent to the rendition of judgment, said J. R. died, and the defendant had wrongfully and unlawfully, and with intent to cheat and defraud the plaintiff, sold certain property of the decedent, and appropriated the proceeds to his own use, amounting to a large sum over and above the amount due on the note.

*Held*, that the complaint was sufficient to charge the defendant as an executor *de son tort*.

SAME.—*Evidence.*—In such action it appeared by the evidence that the defendant, having in his possession a horse belonging to said decedent's estate,

Ramsey *v.* Flannagan.

assented to its sale, and that the money derived from the sale was applied to pay a note of the decedent on which the defendant was indorser.

*Held,* that the proceeds went to the defendant's benefit.

DEPOSITION.—*Certificate.*—*Oath.*—It is not necessary that the certificate of the officer annexed to a deposition should give the form of the oath administered to the deponent; it is sufficient if it simply states, in the language of the statute, "that the deponent was sworn according to law."

SAME.—*Suppression of.*—*Best Evidence.*—The fact that a deposition contains an oral statement of a fact which can properly be proved only by record, is not a good cause for the suppression of the entire deposition containing proper proof of other material facts.

SAME.—*Leave to Take.*—The fact that a deposition has been suppressed does not render special leave of the court necessary to the taking of a new deposition of the same deponent.

APPEAL from the Hendricks Common Pleas.

RAY, J.—The appellee sued appellant, charging that Flannagan held a note against one John Ramsey for fees as an attorney in a certain case pending in the Clark Circuit Court, said note to become due whenever such suit was decided; that judgment had been rendered in said action, and said note was due and unpaid; that subsequent to the rendition of judgment, said John Ramsey died, and the appellant, Alexander Ramsey, had wrongfully, and unlawfully, and with intent to cheat and defraud the appellee, sold certain property of the decedent, and appropriated the proceeds to his own use, amounting to a large sum over and above the amount due on the note. Certain answers were filed, which are not abstracted, and demurrers were sustained to them. It is assigned as error that the complaint is insufficient. The statute makes any one who shall unlawfully intermeddle with any of the property of a decedent, chargeable as an executor of his own wrong, and liable to an action by any creditor or person interested in the estate to the extent of the damages occasioned thereby, and requires that he shall account for the full value of the property, with ten per centum thereon. The complaint was plainly sufficient under the statute.

A motion was made to suppress a deposition on the ground, first, that the certificate simply stated that the

deponent was first sworn according to law, and did not give the form of the oath. As the certificate fulfilled the exact requirement of the statute, the court properly overruled the motion for this cause. 2 G. & H. 176, sec. 257; *Welborn* v. *Swain*, 22 Ind. 194. Second, it was objected to the deposition that it contained an oral statement that the cause pending had been decided in the Clark Circuit Court, when it is insisted that the fact could only be proved by the record. But if this position be correct, still, as the deposition contained proof of the contract between the appellee and John Ramsey, the motion could not have been properly sustained to the entire deposition. A former deposition of the same deponent having been taken and suppressed, it was objected that the present deposition was taken without special leave of the court. There is nothing in the objection. When a deposition is suppressed, it is no longer in court, and a new one may be taken as a matter of right.

The evidence shows that appellant, having possession of the horse, assented to its sale for one hundred and eighty dollars, and the money was applied to pay a note of decedent on which appellant was indorser. The proceeds went to his benefit.

The judgment must be affirmed, with ten per cent. damages and costs.

*C. C. Nave*, for appellant.

*J. S. Miller* and *W. A. McKenzie*, for appellee.