### PADDLEFORD *v.* THACHER.

*Compromise Agreement between Debtor and Creditors. Principal and Surety.*

A compromise agreement between debtor and creditors, whereby the debtor is to be discharged in full upon payment of a certain portion of his debts, when executed and a written discharge given in pursuance thereof, is binding upon all the creditors, and a complete discharge to the debtor; and such discharge need not be under seal. Discharge of the principal discharges the known surety.

Assumpsit upon a promissory note. Defendant pleaded *puis darrein continuance*, that W. K. & G. A. Richardson were principals on said note and defendant merely surety, which was well known to the payee, and to plaintiff when he took said note ; that said Richardsons and their creditors, of whom plaintiff was one, mutually agreed that if said Richardsons would pay said creditors ten per cent of their respective demands against them, said creditors would give said Richardsons a full discharge ; that said Richardsons paid said per centum accordingly, and that said creditors, including the plaintiff, executed to them a written discharge pursuant to said agreement. General demurrer to the plea.

The court, at the December Term, 1875, BARRETT, J., presiding, sustained the demurrer, *pro forma*, adjudged the plea insufficient, and rendered judgment for the plaintiff; to which defendant excepted.

*W. C. French*, for defendant.

The consideration of the discharge was the agreement among the creditors and the payment by the Richardsons. To permit one of the creditors to collect the balance of his debt, would be a fraud on the other creditors and the debtor. The discharge need not be under seal. 1 Chit. Cont. 668 ; 2 Parsons Cont. 130, and note ; *Good* v. *Cheesman*, 2 B. & Ad. 328 ; *Boothby* v. *Sowden*, 3 Camp. 174.

Defendant being a joint signer and surety on the note, the discharge to the Richardsons discharged him. *Brown* v. *Marsh*, 7 Vt. 321; 1 Parsons Cont. 23; *Lunt et al.* v. *Stevens*, 24 Me. 534; *Rowley* v. *Stoddard*, 7 Johns. 207.

*W. E. Johnson*, for plaintiff.

The plea goes upon the ground that defendant was surety, and that the plaintiff having discharged the principals, has by that act discharged the defendant. The agreement was not reduced to writing, and the writing given upon the payment of said ten per cent. was not under seal. No claim will be made that the defendant is discharged unless the Richardsons were discharged. We claim that under the decisions in this state, the Richardsons were not discharged by the agreement and writing set forth in the plea. 3 Vt. 334; 6 Vt. 507; 11 Vt. 60; 25 Vt. 386; 30 Vt. 424; 35 Vt. 355; 43 Vt. 439.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action of assumpsit on a promissory note, and comes to this court upon demurrer to the defendant's special plea; and the only question is, whether the facts set forth in the plea constitute a legal defence to the action.

It has long been settled in this state, that a mere payment by a debtor of a part of what he owes, does not, of itself, constitute a sufficient consideration to support an agreement by the creditor not under seal, to discharge the remainder of the debt. This rule is too well understood to require argument or authority in its support. But on the other hand our courts have been sharp to hold that when any other good consideration can be found to have entered into the agreement, however slight it may be, the creditor will be bound by it, and held to its performance. The cases are numerous in this state where this principle has been recognized and applied. In *Ellsworth* v. *Fogg*, 35 Vt. 355, it was held that the surrender of a note to be cancelled on payment of part, was sufficient to bar the creditor's right to recover the remainder. And the same was held in *Draper* v. *Hitt*, 43 Vt. 439. So it has been held that when the transaction between the debtor and creditor is of such a character that it would operate as a fraud upon

third parties for the creditor to violate his agreement, he will be bound by it. It has also been held outside of this state, that where it has been agreed between the debtor and all his creditors, by what is called a compromise agreement, that they will accept a part of their respective debts and discharge the whole, and that agreement has been fairly executed, the creditors will be bound by it, and cannot enforce the collection of the remainder of the debts.    Parsons, in his work on contracts, page 130, after stating the rule that part payment of a debt is not a sufficient consideration to support a promise to discharge the remainder, says : " But this rule must be so far qualified as not to include the common case of a payment of a debt by a fair and well-understood compromise carried faithfully into effect, even though there were no release under seal."    In 1 Chit. Cont. 668, the same principle is laid down.    The case of *Boothby* v. *Sowden*, 3 Camp. 174, was where the defendant, being in embarrassed circumstances, asked time of his creditors, all of whom signed an agreement *not under seal*, granting him time   The plaintiff, in violation of that agreement, brought suit, and claimed that the agreement was void for want of consideration.    Lord ELLENBOROUGH said there *was* a sufficient consideration for each of the creditors entering into this agreement that it was subscribed by all the others.    The same principle is recognized in *Good* v. *Cheesman*, 2 B. & Ad. 328.    PATTERSON, J., states it thus : " The question is, whether or not this agreement was binding on the plaintiff.    I think it was.    The agreement was entered into by him· on a good consideration, namely, the undertaking of the other creditors who signed the paper at the same time with him, on the faith, which every one was induced to entertain, of a forbearance by all to the debtor."

These cases seem to establish the principle, that an agreement by all of one's creditors to forbear or discharge, is a sufficient consideration to support the promise of each to do so, and especially should that be so when, as in this case, the agreement has been fully executed by the payment by the debtor of the sum stipulated to all, and a discharge by them of their debts.    After this, an attempt by one to force a collection of the remainder of his debt, is in the nature of a fraud upon the others.

If there is a consideration, a discharge under seal is of no importance. The only additional effect of a sealed discharge is, that it imports a sufficient consideration, and the creditor is not at liberty to disprove it; but when a consideration exists, a discharge without seal is just as effective as one under seal.

In entering into these compromise agreements, ordinarily, an important consideration operating upon the creditors is, the idea of relieving an unfortunate debtor from a cloud of debt that may perhaps otherwise overshadow his whole life, and paralyze all his future efforts at success; and this purpose can be accomplished only by all the creditors joining therein, and then by each being held thereto after it has been fully and fairly executed. We think that reason and good policy require that such agreements should be encouraged and upheld rather than restrained, as there is little danger that they will become too frequent, or result in mischief.

If we are right in holding as we do, that in the nature of agreements of this kind there is a consideration that is sufficient to uphold the agreement, then all the authorities agree that the creditors are bound thereby, and the debtor is fully discharged when the agreement is executed and carried into effect.

It is set forth in the plea that W. K. Richardson and G. A. Richardson were the principals in the note in suit, and that this defendant was only a surety for them, and that this fact was known to the payee when the note was executed, and was known to this plaintiff when he received the same, and that the plaintiff was one of the creditors who signed the compromise agreement between said Richardsons and their creditors, and who signed their discharge. The principals being thereby discharged, all the authorities agree that such discharge operates to discharge the surety.

The judgment of the County Court is reversed, the plea adjudged sufficient, and the case remanded, and plaintiff has leave to replead.