# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1890, IN THE SEVENTY-FOURTH YEAR OF THE STATE.

No. 14,166.

## SCOTT v. SCOTT.

JURY.—*Decision on Appeal.*—*Reading of by Counsel.*—*Province of Court.*—Upon the retrial of a civil cause, reversed and remanded, it is not error for the lower court to refuse to allow the decision rendered on appeal to be read to the jury, since it is the province of the trial court to determine what the law is applicable to the facts proven in the light of the ruling of the Supreme Court.

SAME.—*Instructions.*—*Discussion of.*—*Section 534, R. S. 1881.*—It was not error for the court to refuse to allow the discussion before the jury of instructions prepared by the court and read to counsel in advance of the argument, upon request, as provided in section 534, R. S. 1881. Under the statute, *supra*, counsel may do no more than read such instructions to the jury, and in the light thereof comment upon the facts.

DEPOSITIONS.—*Retaking of After Reversal of Cause.*—*Suppression.*—Where, after the reversal of a judgment because of error in suppressing parts of the depositions of certain witnesses taken by the appellant, the appellant, without an order of court, takes again the depositions of the

( 66 )

same witnesses, it is not error to suppress the second set of depositions, the appellant having refused to accept the permission of the court to read either the first or second set, but not both.

From the Hancock Circuit Court.

*J. A. New* and *E. W. Felt*, for appellant.

*C. G. Offutt*, for appellee.

BERKSHIRE, C. J.—This was an action upon a note, and is in this court for the second time. See *Scott* v. *Scott*, 105 Ind. 584.

Judgment was rendered for the appellee, who was the defendant in the court below. The evidence is not in the record.

There are several specifications in the assignment of error, but the only one to which our attention is called by the briefs of counsel is the third—that the court erred in overruling the motion for a new trial.

Many of the reasons assigned in the motion are not before us for consideration, but notwithstanding we have concluded to take up and decide those to which counsel allude in their briefs.

It is contended that the court erred in refusing to allow counsel for the appellant to read from the reported decision made by this court when this case was first here.

In civil cases the jury are the exclusive judges as to the facts proven, but they must receive the instructions given by the court as the law of the case. To support so plain a proposition a citation of authorities is not required.

Counsel for the appellant could have had no other purpose in mind in offering to read from the reported decision to the jury than to get before them their views of the law of the case as they claimed it to have been declared by this court, and to have the jury take their views thus expressed in opposition to the instructions of the court.

If such was not the purpose of counsel we are unable to imagine how their client's cause was prejudiced by the court's ruling.

It is true, as suggested by counsel, that the former decision by this court was forever after the law of the case, but it was the province of the trial court, and not of counsel, to determine the law as applicable to the facts proven in the light of what this court had ruled the law to be.

If appellant's contention had been adopted there would have been an earnest contention before the jury as to what this court had held as to the law upon the case made upon the former appeal.

The court was eminently fair to counsel when it permitted them to state their views as to the law of the case independent of authority.

The next question to which our attention is called is that the court erred in refusing to allow counsel for the appellant to read and construe in argument to the jury the instructions which it had prepared and read to counsel in advance of the argument upon request, as provided in section 534, R. S. 1881.

In this ruling there was no error. The court informed counsel that they could read its instructions to the jury, and in the light thereof comment upon the facts. This was the utmost that counsel were entitled to ; anything more would have been but a discussion as to the law of the case before the jury. And had the jury been permitted to listen to arguments of counsel as to the construction to be placed upon the instructions, and to have accepted the construction contended for on either side, it would in a large degree have been the views of counsel rather than those of the court which would have controlled as the law of the case.

Such practice would be vicious in its tendencies ; as often as otherwise the law as stated and declared by the instructions of the court would be set aside for the views of counsel. It was not the intention of the Legislature to allow such discussions to juries ; the purpose was to enable counsel to know in advance of their arguments the views of the court as to the law of the case so that they might not be at

the disadvantage of assuming a position before the jury in opposition to that of the court; and so far as the instructions might be favorable to either side that counsel on that side might have the benefit thereof.

Before the first trial the appellant had caused his own deposition and that of Robert McClarnan to be taken. The court below suppressed certain parts of both of these depositions. On appeal to this court the ruling of the court below was held to be error.

After the reversal, and after the cause had been remanded, the appellant, without first obtaining an order of the court, caused the depositions of said witnesses to be again taken. On the second trial appellee moved the court to suppress the depositions last taken. The court gave to the appellant the right to select which set of depositions he would cause to be read to the jury, but notified him that he would not be permitted to read both sets. The appellant claimed the right to read both sets of said depositions and refused to make a choice. The court then suppressed the last taken depositions and the appellant read the others.

It is contended that this was error. We do not think so. It is true, as contended, that at the time the last depositions were taken the lower court had not made its formal order overruling the motion to suppress the said parts of the first set of depositions, but the decision of this court was a revision and reversal of the ruling of the court below, and reinstated the said suppressed parts of said depositions. But were it otherwise, there were parts of said depositions which had not been suppressed, rendering it necessary that an order of the court should be obtained before again taking the depositions of said witnesses.

Conceding, however, for the purposes of the argument, that the action of the court was erroneous, there was no error in the ruling of which the appellant ought to be permitted to take advantage.

It is argued by his counsel that there were certain facts testified to, and which are found in the second set of depositions, that were not found in the first set, but it is not claimed that the second set does not cover all that the first contains; and having read both sets of depositions we find that all that is in the first set is fully covered by the second, so that if the appellant was injured it was because of his refusal to accept of the offer of the court and to read the second instead of the first set of said depositions. He was not prejudiced by the court's ruling, but by his own action.

It looks just a little as though the appellant was more particularly anxious to get error into the record than to get all of the evidence before the jury. We can imagine no good reason why the appellant should have insisted on encumbering the record with the two sets of depositions except it was with the hope of securing available error in the record.

The case of *Ramsey* v. *Flannagan*, 33 Ind. 305, cited by counsel for appellant, was a case where at the time the deposition last taken was taken and read, the first deposition of the witness was out of the record as a suppressed deposition, and hence that case is not in point.

The next and last reason stated in the motion for a new trial to which our attention has been called is the refusal of the court to submit to the jury certain interrogatories asked by the appellant.

We do not think the court erred in its ruling. Most of the interrogatories rejected by the court were not pertinent or proper, and so far as any were proper they were covered by others.

The first inquired after the intention of the appellee in executing the release upon which the appellee rested his defence to the action.

The fifth was an inquiry as to whether or not the appellee intended when he obtained the release to pay the note.

The sixth inquired what the belief of the appellant was

when he executed the release, as to whether or not the note was to be paid.

The intention and belief of the parties with reference to the transaction could only be ascertained from the facts found that preceded the execution of the release.

If the jury had answered as to the intention or belief of the parties the answers would have stated no fact upon which the court could have taken action, hence the interrogatories were improper; they could have had no other effect than to mislead the jury.

The third interrogatory sought to elicit the fact as to whether or not the debts and claims against the appellee had all been bought up before the execution of the release by the appellant and McClarnan, and if not, what claims still remained outstanding.

We can not discover from the record how an answer to that question would have been material.

The ninth interrogatory was as to whether or not the appellee, after his proceedings in bankruptcy were dismissed, agreed to pay the note in controversy.

The question asks for a mere conclusion. If the interrogatory had been submitted to the jury and answered in the affirmative it could have availed nothing to the appellant. If the interrogatory had gone further and stated, " If such an agreement was made, give its terms and conditions," some tangible fact might have been stated in the answer.

The tenth interrogatory inquires after the purpose of the release, whether to release the appellee personally, or in bankruptcy, or both. Conceding this to be a proper question for the purposes now under consideration, it is fully covered by the interrogatories numbered four and ten and one-half, and the answers thereto.

But we may further add that if all of the said interrogatories had been pertinent and proper we would not reverse the judgment because of their rejection, except it appeared

from the record that answers thereto favorable to the appellant would have controlled the general verdict, and it does not so appear.

The judgment is affirmed, with costs.

