WELLS, FARGO AND COMPANY EXPRESS *v*. ALLBRIGHT.

[No. 11,117. Filed January 26, 1922. Rehearing denied April 7, 1922. Transfer denied October 10, 1922.]

1. APPEAL.—*Questions Reviewable.—Objection that Plaintiff is not Real Party in Interest.—Failure to Raise Question Below.* —The objection that the evidence does not show that plaintiff was the real party in interest cannot be raised on appeal for the first time. p. 576.

2. CARRIERS.—*Carriage of Freight.—Action for Delay in Shipment.—Evidence as to Average Time for Shipment.—Competency.*—In an action against an express company for damages caused by delay in transporting express shipments, it was error to permit plaintiff to testify as to the average time required for such shipments at the time of the trial in 1920 where the shipments involved were made in 1917. p. 576.

3. EVIDENCE.— *Judicial Notice.*— *Declaration of War.*— *Traffic Conditions during War.*—In an action against an express company for damages caused by delay in transporting express shipments, the court on appeal will take judicial notice of the fact that war with Germany was in progress in December, 1917, when the shipments in controversy were made, and generally of the interference of war with railroad traffic.  p. 576.

4. DEPOSITIONS.—*Second Deposition.*—*Taking without Leave of Court.*—A second deposition of the same witness cannot be taken without leave of court while the first is on file and in full force and effect.  p. 576.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Thomas V. Allbright against Wells, Fargo and Company Express. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Carlos T. McCarty* and *Alvin Padgett,* for appellant. *Frank E. Gilkison,* for appellee.

NICHOLS, J.—This action was commenced in the Martin Circuit Court, and on change of venue, tried in the Daviess Circuit Court. Appellee's complaint was in seventeen paragraphs, for damages resulting from the alleged negligence of appellant in its delay in seventeen shipments of rabbits, the same being consigned to two respective consignees, one in New York, and the other in Newark, New Jersey.

It is averred in the complaint that by reason of the delay, some of the rabbits arrived in damaged condition, and others too late for sale under the laws of the state to which they were shipped. Appellant answered in eight paragraphs, the substance of which we do not need to set out. There was a trial by the court, with finding and judgment for appellee, from which after motion for a new trial was overruled this appeal. The court's ruling on the motion for a new trial is the only error assigned.

Appellant first contends that the evidence does not show that appellee was the real party in interest. But,

1-3.  as appellant failed to raise this question in the trial court, it is waived.   It cannot be first raised in this court.   Over the objection of appellant, appellee was permitted to answer, from twenty-five years experience, as to the average period of time required for shipment by express from Shoals, Indiana, to Newark, New Jersey and to answer the same question as to shipments to New York.   These answers were made with reference to the time of the trial which was in November, 1920, while the shipments complained of were in December, 1917.   The question should have been confined to the time that the shipments were made, as conditions were substantially different at that time from what they were at the time of the trial.   The court takes judicial notice of the fact that the war with Germany was in progress at the time the shipments were made, and generally of its interferences with railroad traffic.   17 Am. Ency. 407.  This condition, however, might have been developed on cross-examination of appellee.

Appellant made its motion to suppress the depositions of each of two witnesses taken March 17, 1920, which were read in evidence.   These depositions were

4.  taken without leave of court first had and obtained, and while other depositions of the same witnesses taken by the same party in this case were on file and in effect.   It is the law that a second deposition of the same witness cannot be taken while the first is on file and in full force and effect, without leave of court. *Kirby* v. *Cannon* (1857), 9 Ind. 371; *Addleman* v. *Swartz* (1864), 22 Ind. 249; *Woodruff* v. *Garner* (1872), 39 Ind. 246; *Scott* v. *Scott* (1890), 124 Ind. 66, 24 N. E. 666; Elliott, Evidence §1164.   Authorities from other states on this question are cited in 18 C. J. p. 730. It follows that it was error to permit appellee to read in evidence depositions that should have been sup-

pressed. For these errors the judgment must be reversed. Appellant presents error as to the amount of recovery, but we do not need to discuss this question. The same error is not likely to occur again.

The judgment is reversed, with instructions to grant a new trial, and to sustain appellant's motion to suppress the second depositions, which were taken without leave of court.