McKEE ET AL. *v.* HARWOOD AUTOMOTIVE COMPANY.

[No. 26,268.   Filed December 20, 1932.]

234

*D. M. Bell* and *John A. Kersey,* for appellant.
*Condo & Baton,* for appellee.

MARTIN, J.—Clyde B. McKee, by next friend, sued the Harwood Automotive Company alleging that he was nineteen years old, that the company induced him to sign a contract for the purchase of a used automobile for the price of $576.00, that he paid $203.00 on such contract, and that he later rescinded said contract, returned the automobile and demanded the return of his money. To this complaint the Harwood Company, appellee herein, filed an answer in general denial.

Appellee also filed a cross-complaint against Clyde B. McKee, Clement B. McKee and Laura McKee, alleging that said cross-defendants were indebted to it in the sum of $450.00 in principal and interest and $100.00 attorneys fees on a $570.00 lease note. No answer was filed to this cross-complaint by Clyde B. McKee, but

Clement B. and Laura McKee answered in two paragraphs: (1) That they executed the note as sureties for Clyde B. McKee, who alone received the entire consideration for the note and praying that they be adjudged sureties, etc.; (2) that they executed the lease note on conditional sale, that the title of the automobile was retained by cross-complainant, and that Clyde B. McKee, who was an infant, on February 26, 1926, returned the automobile to cross-complainant and praying that the note be cancelled.

The cause was submitted to the court upon an agreed statement of facts, which, briefly summarized, are:

1. Clyde McKee, on July 15, 1925, purchased of Harwood Automotive Company a 1924 Ford sedan, paid $11.40 in cash, and bound himself to pay $570.00 at $11.40 per week.

2. To evidence the contract and indebtedness, Clyde McKee, together with Clement B. and Laura McKee, executed a lease note. Clyde McKee was under the age of 21 years. The lease note provided for the payments as set out above, for interest at the rate of one per cent per month, that "title, ownership and possession" of the automobile should remain in the seller until the note is paid in full and that if "this note or any portion of the same shall become due and remain unpaid" the seller might "take possession" and consider all payments made as compensation for the "use of said goods."

3. Clyde McKee received the entire consideration for the contract and Clement B. McKee and Laura McKee signed only as sureties.

4. Clyde McKee paid the Harwood Company a total of $197.00, and thereafter, on February 26, 1926, disaffirmed his contract and returned the automobile. That the Harwood Company refused to accept the automobile in discharge of the contract and refused to return the $197.00 to him.

5. On March 1, 1926, the Harwood Company mailed a letter to Clyde McKee telling him that they would hold the automobile until he called for it and that his storage rate would be 50 cents per day.

6. The Harwood Company still has the automo-

bile in storage subject to the order of the cross-defendants.

7. (An agreement concerning the amount of attorney fees.)

The court found for the plaintiff, Clyde B. McKee, and rendered judgment in his favor for $205.86. It found that the cross-complainant, Harwood Automotive Company, was entitled to recover on its note from the cross-defendants, Clement B. McKee and Laura McKee, and rendered judgment against them for $694.20, $90.00 of which was the allowance for attorney fees. Clyde B. McKee is not a party to this appeal and his judgment is not in question here. Clement B. and Laura McKee appealed and assign as error the overruling of their motion for a new trial, wherein they allege that the judgment against them is not sustained by sufficient evidence and is contrary to law.

No evidence was presented of any facts which would serve to make the infant, Clyde B. McKee, liable on his contract of purchase or of lease of an automobile (such as that the automobile was a necessary, or that he used it in gaining a livelihood), and it follows that his rescission of the contract extinguished his liability on the note.

The general rule is that a surety is discharged when the liability of his principal is extinguished. This rule is subject to an exception in the case of a surety for a minor or other person incapable of contracting, and the extinction of the contract and discharge of the principal by operation of law, because of the principal's legal incapacity, does not release the surety. 50 C. J. §311, p. 188; *Kirby* v. *Cannon* (1857), 9 Ind. 371; *Davis* v. *Statts* (1873), 43 Ind. 103, 13 Am. Rep. 382. In such a case the surety is bound, unless the minor, in disaffirming the contract, restores to the creditor everything received by him under the contract. 50

C. J. §150, p. 92; *Seeley* v. *Seeley-Howe-LeVan Co.* (1905), 128 Iowa 294, 103 N. W. 961; *Keokuk Co. State Bank* v. *Hall* (1898), 106 Iowa 540, 76 N. W. 832. Thus appellants are liable as sureties on the note unless the infant principal restored to the creditor, and he accepted in full settlement, everything he received thereunder. The note contained a (lease-sale) provision that the automobile for which it was given should remain the property of the appellee until the note was paid in full. The principal under the contract never received title to the automobile but he did have the use of it for 7 1/3 months, for which he paid nothing (considering that by the judgment noted above he recovered from appellee all that he paid to it). In tendering the automobile back after 7 months use he did not place appellee in *statu quo* by restoring to it everything he had received under the contract. It follows that appellants were properly held liable as sureties.

The appellee is not entitled to the automobile in addition to the purchase price. The title to the automobile, under the contract, however, remains in the appellee until the note, or the judgment on the note, is paid. At that time the title will pass to the purchaser. The infant purchaser has disaffirmed his contract, but, because he did not make full restoration to the seller, his surety cannot be released, and the surety, by his right of subrogation, will be entitled to receive the automobile. *Hubbard* v. *Security Trust Co.* (1906), 38 Ind. App. 156, 178 N. E. 79; *Baker* v. *Kennett* (1873), 54 Mo. 82; *Jones* v. *Tincher* (1860), 15 Ind. 308, 77 Am. Dec. 92. It might be well to add that appellee is not entitled to charge storage on the automobile prior to the time it parts with title to the same.

The appellants contend that under the rule as stated in *Britton* v. *Wheeler* (1846), 8 Blackford 31, appellee, by its cross-complaint, could not proceed against all

makers of the note and recover against appellants alone,—the infant, Clyde McKee, not having "severed in pleading and pleaded matter going to his personal discharge." The facts stated in the infant's complaint, so far as they amount to a defense to the cross-complaint, are to be regarded as an answer thereto. *Summers* v. *Hutson* (1874), 48 Ind. 228; *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 465; *Moore, etc., Co.* v. *Marion, etc., Co.* (1913), 52 Ind. App. 548, 101 N. E. 15. This was a sufficient "severance in pleading," etc. *Britton* v. *Wheeler, supra; Kirby* v. *Cannon, supra.*

From the finding and judgment it appears that the court did not compute the interest due on the note at the usurious rate provided for therein, but correctly computed it at the legal rate.

Judgment affirmed.