WOOLDRIDGE, BY NEXT FRIEND, ETC. *v.* HILL.

[No. 18,432. Filed October 8, 1953.]

*Vance M. Waggoner,* of Rushville, for appellant.

*Kiplinger & Kiplinger,* of Rushville, for appellee.

CRUMPACKER, J.—The appellant commenced·this suit against the appellee by a complaint in which he alleges that on October 4, 1950, he was a minor 17 years of age. On that date he entered into a parol contract with the appellee to purchase a certain Dodge automobile for the sum of $1350 and in compliance therewith made a down payment of $405 and took possession of said automobile. Thereafter from October 9, 1950, to March

23, 1951, he made weekly payments on the balance of the purchase price aggregating the sum of $125. On April 7, 1951, while still a minor, he returned said automobile to the appellee, disaffirmed the purchase contract and demanded payment of the $530 he had paid thereon which the appellee refused to do. To this complaint the appellee filed answer agreeable to Rule 1-3 and the cause was submitted to the court for trial without jury. The court found for the appellant in the sum of $280 and rendered judgment accordingly. As a basis for this appeal the appellant charges that the court erred in the assessment of the amount of recovery in that it is too small and that there is no evidence whatever to support a finding of damages in the sum of $280 and therefore the decision of the court is contrary to law. The appellee defends solely on the proposition that a plaintiff must recover on the theory of his complaint or not at all. That the appellant's complaint is that of an infant plaintiff seeking to recover money paid out on a contract of sale whereby title to an automobile passed to him and which contract he disaffirmed in due course. That there is no evidence whatever of a contract, express or implied, between him and the appellant whereby title to the automobile involved passed and therefore the appellant is in no position to complain of a decision in his favor and to which he was not entitled in the first instance.

A careful examination of the record reveals testimony to the effect that at the time of the occurrences in question the appellant was a hired hand on the appellee's farm. He was still in high school and during the school year the appellee paid him $10 per week, room, board and laundry. During vacations in the summer his cash wages were increased to $20 per week. He had, on occasions, told the appellee of his

desire to buy an automobile so that "I wouldn't have to depend on the other fellows to take me all the time." As a result of these conversations the appellant and appellee, on October 4, 1950, went to the place of business of a man named Alexander who owned the automobile here involved. The appellee told the appellant on that occasion that if he wanted the car he would buy it for him and that he could pay for it at the rate of $5.00 per week and when he got it paid for he, the appellee, would transfer title to him but in the meantime he would retain title in himself. That was agreeable to the appellant and the appellee bought the car from Alexander for $1350 and delivered it to the appellant under the above arrangement. The appellant thereupon gave the appellee his check in the sum of $400, designated "car payment," which the appellee subsequently cashed. Thereafter the appellee made weekly payments aggregating $130 to April 7, 1951, when he left the appellee's employ and delivered the car into his possession. On May 5, 1951, he gave the appellee written notice of his disaffirmance of the contract between them and demanded his money back.

This evidence, in our opinion, is amply sufficient to show an executory contract of sale between the parties and the appellant's recovery was clearly within the theory of his complaint which, in essence, relies on the right of an infant to recover money he has laid out on a contract he was incompetent to make and which he has disaffirmed. It is of little consequence whether title to the property involved had passed to the infant or not.

This brings us to the consideration of appellant's right to a new trial because of the contention that the amount of his recovery was too small or because there is no evidence upon which the court could fix his dam-

ages at $280. It was held in *McKee* v. *Harwood Automotive Co.* (1932), 204 Ind. 233, 183 N. E. 646, that where an infant 19 years old rescinded his contract to purchase an automobile and returned the same to the seller, in the absence of any evidence showing that it was a "necessary" or used in gaining a livelihood, the infant's liability to pay the contract price was thereby extinguished and the court approved the infant's recovery of all monies paid on the contract.

There is no contention in this case that the automobile involved was a "necessary" or that it was used by the appellant in gaining his livelihood and, in view of the fact that there is no dispute that he paid the appellee $530 under the purchase agreement, it is difficult to understand the basis upon which the court assessed his damages at $280. There is no evidence in the record, direct or inferential, upon which such a recovery can be sustained. We suspect, however, that the court concluded that these proceedings, though brought in law, should be determined under equitable principles and as the appellant had had the use of the automobile for approximately six months he ought, in good conscience, to pay something for its use and the natural wear and tear incidental thereto as in no other way could both parties be placed in *statu quo*. Equitable as such a decision may be it is not sanctioned by the law of Indiana. This court, in *Story, etc., Piano Co.* v. *Davy* (1918), 68 Ind. App. 150, 119 N. E. 177, quoted with approval the following excerpt from *McCarthy* v. *Henderson* (1885), 138 Mass. 310:

> "It is clear that, if the plaintiff had made no advance, the defendants could not maintain an action against him for the use of the property. The contract, express or implied, to pay for such use is one he is incapable of making, and his infancy would be a bar to such suit. We cannot see how the de-

fendants can avail themselves of and enforce, by way of recoupment, a claim which they could not enforce by a direct suit."

It is our considered judgment that the decision of the court in this case is contrary to law. It is therefore reversed and the cause remanded to the Rush Circuit Court with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 114 N. E. 2d 646.