### George S. Allen, d/b/a Allen's Garage v. Genevieve Small

[271 A.2d 840]

No. 43–69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 1, 1970

*Nobert J. Towne,* Northfield, for Plaintiff.

*Free & Bernasconi,* Barre, for Defendant.

**Keyser, J.** The plaintiff is here on an appeal from an adverse decision by Unit No. 5, Orange Circuit, of the District Court of Vermont. Plaintiff brought suit on September 29, 1961, in common counts seeking to recover the sum of $125.00 from the defendant on a conditional sales note dated July 13, 1960, signed by Bruce G. S. Small, the minor son of the defendant, and by the defendant, given for the principal sum of $125.00 and payable to plaintiff Allen in weekly installments of $25.00.

The following factual background appears from an agreed statement of facts and the findings. On July 13, 1960, Bruce Small purchased a 1949 Ford motor vehicle from the plaintiff for the sum of $225.00. At that time Bruce paid $100.00 of the purchase price and the balance was covered by a conditional sales contract. The car order and sale was to Bruce, who registered the car and took possession of it. The defendant signed the conditional sales note with her son as an accommodation co-maker. The note reserved title to the car in the plaintiff and was duly recorded in the Brookfield records of liens.

The defendant's son made the weekly payments of $25.00 required by the note. The final payment was on August 19, 1960, and this paid the full amount due on the note of $125.00. The note was accordingly marked "Paid in full, George S. Allen (alm)" and delivered to Bruce Small who had the lien discharged of record in Brookfield shortly thereafter.

On August 29, 1960, Bruce Small, still a minor, by written notice rescinded his contract with the plaintiff. He assigned his ownership in the car to the plaintiff by transferring the ownership using the form provided on the registration certificate. He then returned the car to plaintiff's garage. The court found this tender of the vehicle was a sufficient return of the car. The plaintiff, after suit brought by Bruce Small and judg-

ment against him, returned the purchase price of $225.00 to the minor.

In the case at bar, the plaintiff contends that on the facts established by the record, the defendant is liable to the plaintiff on the note to the extent of its face amount. He argues that since Bruce rescinded his contract with plaintiff, the lien note was restored to its former status as far as the defendant was concerned, she being an accommodation co-maker. Whether or not it was is the sole issue before us.

█ The plaintiff claims the marking of "Paid in Full" on the note must be classed as a mistake since the minor demanded a refund of the purchase price within ten days after making his final payment. Thus, he says the marking should be deemed a nullity and ineffective as otherwise it opens the door to fraud and deceit. The answer to this argument is simply that the plaintiff brought suit on the common counts with specifications declaring on the conditional sales note. As a result, plaintiff's argument as to unintentional mistake or fraud is inappropriate and ineffectual under the issues raised by the pleadings. Cases are to be tried on issues joined by the parties, and not to be decided on an issue outside the pleadings. *Barber* v. *Chase,* 101 Vt. 343, 349, 143 A. 302 (1928). Furthermore, the plaintiff stated in argument that he was relying entirely upon the note for recovery against the defendant.

The plaintiff also argues that the findings that the minor disaffirmed the sales contract and that the tender of the vehicle by the minor was a sufficient return of the car cannot change the law that infancy is a personal privilege only and cannot aid others when infancy is pleaded as a defense. This is not in point here since there is no plea of infancy made by the defendant as a defense to plaintiff's suit.

The conditional sales note was a negotiable instrument, the principal debtor thereon being Bruce G. S. Small. Under 9 V.S.A. § 571, in effect in 1960, payment of a negotiable instrument is discharged:

"(1) by payment in due course by or on behalf of the principal debtor;

(2) x x x

(3) by the intentional cancellation thereof by the holder;

(4) by any other act which will discharge a simple contract for the payment of money;

(5) x x x."

■ There is no question made but that the note was fully paid according to its terms and tenor and the court so found. Payment is the final act which extinguishes a negotiable instrument and transmutes it into a cancelled voucher, of which there is no longer a holder as of an instrument, and on which suit may thereafter be maintained. 11 Am.Jur.2d, Bills and Notes § 963, notes 17–20.

■ The findings establish that the defendant signed the note to insure its payment. When Bruce Small made the final payment of $25.00 on August 19, 1960 the note was fully paid and was intentionally discharged by the payee and delivered to Bruce. The surrender of a note by the holder to the maker, with intent thereby to discharge the debt, does discharge it. *Vanderbeck* v. *Vanderbeck*, 30 N.J. Eq. 265, 270 (1878). The express provisions of 9 V.S.A. § 571 (1) and (3), *supra*, dealing with discharge, specifies the mode by which a negotiable instrument or a party is discharged and it not only applies here but is binding on the parties as well. See also 9 V.S.A. § 572 relating to the discharge of persons secondarily liable.

■ The debt due as evidenced by the lien note was paid and discharged on August 19, 1960. "(A)ll the authorities agree that such discharge (of the principal) operates to discharge the surety." *Paddleford* v. *Thacher*, 48 Vt. 574, 577 (1876) ; 72 C.J.S. Principal & Surety § 116. Whatever action Bruce Small took on his own behalf concerning his rights as a minor was between him and the plaintiff and could not affect the rights of the defendant.

■ Moreover, the record establishes that the minor returned the 1949 motor vehicle, together with a transfer of any title he had in it, to the plaintiff. This occurred after full payment of the lien note by the minor and after he had possessed the vehicle for only around five weeks. There is no claim that the vehicle was not in as good condition when returned as it was when sold. "(W)here restoration of the consideration is made by law a condition of disaffirmance by the infant, and

he has disaffirmed and put the other party in the *statu quo,* the surety on a note given by the infant is discharged." 10 S. Williston, *Contracts* (3rd ed. W. Jaeger 1967) § 1214, n. 7 citing *Nations* v. *Gregg,* 290 F. 157 (1923) ; *McKee* v. *Harwood Automotive Co.,* 204 Ind. 233, 183 N.E. 646, 647 (1932).

*Judgment affirmed.*