Crain *v.* Hilligross.

--------◆◇◈--------

CRAIN *v.* HILLIGROSS.

PRACTICE—DISMISSAL.—Under §§ 363 and 365, of the code, 2 G. & H. 216, a plaintiff may, at any time before the jury retire, or the finding of the Court is announced, dismiss his action, without prejudice; and a defendant, who has pleaded a set-off, must, as to that, be regarded as a plaintiff, and may, therefore, in like manner, dismiss as to his set-off.

APPEAL from the *Rush* Circuit Court.

WORDEN, J.—Action by *Hilligross* against *Crain* on an account.

The defendant answered, amongst other things, in two paragraphs, by way of set-off. The cause was tried by the Court. After trial, and before the finding of the Court was announced, the defendant desired to dismiss his two paragraphs, setting up the set-off, but the Court refused to permit him to do so, and he excepted.

This ruling, we think, was erroneous. A plaintiff has a

right, at any time before the jury retire, or, where the cause is tried by the Court, before the finding of the Court is announced, to dismiss the action without prejudice. 2 R. S. 1852, p. 120, sec. 363. A defendant who pleads a set-off, is, in respect to such set-off, really and substantially a plaintiff. In respect to his set-off, he is the actor, and his set-off is his cause of action. Where a defendant pleads a set-off, the plaintiff must answer it, and can not get out of Court by dismissing or abandoning his action against the defendant. Sec. 365. In such cases, the defendant may have judgment against the plaintiff for the amount of his set-off, and in all cases where his set-off exceeds the plaintiff's claim. It seems to us clear, that a defendant, in respect to a set-off pleaded by him, should be regarded as plaintiff, and that he comes within the spirit of the statute above cited.

*Per Curiam.*—The judgment below is reversed, with costs.

*L. & W. O. Sexton,* for the appellant.

*Wm. A. Cullen,* for the appellee.