Miller v. Mans.

FORMER RECOVERY.—DISMISSAL OF ACTION.—The record of a former suit between the same parties, filed with a plea of former recovery, showed that the former suit involved some of the same matters involved in this; that a general denial had been filed by the defendant in the former suit, with an agreement that all matters of defense might be given in evidence under it; that the case had been referred to a master commissioner, and a day in vacation appointed to hear the case; that the plaintiff failed to appear on the day appointed, and on the next day filed in the clerk's office a written dismissal of the case; that at the next term of the court the master filed his report, and that, over the objection of the plaintiff, and over his motion to have the dismissal entered up, the court entered a judgment upon the report against the defendant for costs.

Held, that after the dismissal by the plaintiff, no judgment could be rendered upon the complaint.

Held, also, that the record filed did not show a former recovery.

APPEAL from the Jefferson Circuit Court.

GREGORY, J.—In an action by Mans against Miller and others, the former recovered a judgment against Miller for $1,557 63. Mans remitted $70, and, over a motion for a new trial, had judgment for the balance. The questions made and argued turn on the effect of a former recovery.

In a previous suit by Mans against Miller and others, involving some of the same matters involved in the present action, Miller answered by the general denial, and the parties agreed that all matters of defense might be given in evidence under it. Upon this issue and agreement the cause

was referred to a master commissioner to take the evidence, to hear and determine the issues, and to report his finding therein at the then next term of the court. This order of reference was made on the 8th of *February*, 1863. The parties, by agreement, set the 29th of *June*, in vacation, for the hearing before the commissioner. *Mans* failed to attend; the next day, and during the vacation of the court, he filed his written dismissal of the action. The clerk made an entry thereof in the order book. Afterwards, on the 25th of *August*, the master commissioner made his report, showing the plaintiff's failure to appear, the hearing of the defendant's evidence, and the rendition of a decree for the defendant *Miller* for $5. After this, on the 26th of *August*, the plaintiff moved the court to reject the master's report, and to strike it from the files of the court, and that the cause be dismissed upon the order of dismissal so filed by him. The court overruled the motion, and rendered the following judgment: "It is therefore considered by the court that the defendants recover of the plaintiff their costs and charges in this behalf expended." The agreement that matters of defense might be given in evidence under the general denial was not the filing of a set-off or counterclaim which entitled the defendants to a judgment against the plaintiff, although the latter dismissed his action.

The code provides that "the plaintiff may dismiss his action in vacation by filing with the clerk a writing to that effect. The clerk shall enter such written dismissal in the order book, and the court shall enter judgment accordingly at the next term." 2 G. & H., § 364, p. 217. There is no provision prohibiting a plaintiff from dismissing his action in vacation after a reference. The referee must report to the court; the court, and not the referee, renders the judgment.

After the dismissal of the action there could not have been a judgment on any of the matters embraced in the plaintiff's complaint. The judgment follows the dismissal, and not the finding of the master commissioner. We

think that the defense of a former recovery was not made out, and that the court below committed no error which can avail the appellant. Leaving out the former recovery, the evidence sustains the verdict of the jury.

The error of the court in retaining the cause and overruling the motion to dismiss the action cannot be inquired into collaterally, but the effect of the judgment as a former adjudication of the matters involved in the present action is for this court to determine by looking to the entire record.

The judgment is affirmed, with costs, and five per cent. damages.

*C. E. Walker, H. W. Harrington* and *C. A. Korbley,* for appellant.

*J. Swartz, M. M. Ray, J. W. Gordon* and *W. March,* for appellee.

