Dunning *et al. v.* Galloway *et al.*

---

DUNNING ET AL. *v.* GALLOWAY ET AL.

PLEADING.—*Lien for Attorney's Fees.*—*Satisfaction of Judgment by Judgment Plaintiff.*—A complaint against a judgment plaintiff and others, by attorneys who have entered a notice of lien upon a judgment for their fees for recovering the judgment, to set aside an entry of satisfaction of the judgment made by the judgment plaintiff, on the ground of its having been fraudulently made, is bad if it does not allege the amount of the fees due to the plaintiffs, either by stating a contract fixing the amount, or by averring the value of the services.

PRACTICE.—*Right to Dismiss Action.*—A plaintiff may dismiss a cause after the court has instructed the jury and before the jury have retired to consult of their verdict.

From the Monroe Circuit Court.

*J. F. Pitman, J. H. Rogers,* and *J. H. Louden,* for appellants.

*J. W. Buskirk* and *L. L. Norton*, for appellees.

DOWNEY, J.—Dunning, Louden, and McCoy sued Reuben Galloway, Samuel Galloway, Columbus Buchanan, and Andrew J. Edwards, alleging in their complaint the following facts : That they are and were on the 8th day of November, 1869, attorneys at law, practising their profession in said court; that, as such attorneys, at the November term of said court, in said year, they recovered a judgment for said Andrew J. Edwards against said Reuben Galloway, Samuel Galloway, and Columbus Buchanan, for the sum of four hundred and two dollars and thirteen cents; that they entered thereon, at its date, a notice of lien for eighty dollars for their fees for recovering the same; that afterward they commenced a suit in the name of said Edwards, in the same court, to set aside a conveyance executed by said Samuel Galloway to one of his children, as fraudulent, and to subject the same to execution; that, during the pendency of the last named action, Edwards, the Galloways, and Buchanan, secretly and without the knowledge of the plaintiffs, compromised the suit, and Edwards fraudulently and collusively released the said judgment, and entered satisfaction of the same in full on the judgment docket, as follows :

" I hereby acknowledge full and complete satisfaction of this judgment, September 17th, 1870. A. J. EDWARDS."

Prayer, that the entry of satisfaction may be set aside, that they may have execution on the judgment, and for other proper relief.

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was filed by the defendants and overruled by the court.

An answer, consisting of a general denial and a special paragraph, was filed. The plaintiffs demurred to the second paragraph on the ground that it did not state facts sufficient to constitute an answer, and the demurrer was overruled by the court. Reply in denial of the second paragraph of the answer.

Upon the trial, which was by a jury, there was a verdict

for the defendants.   A motion for a new trial was made by the plaintiffs, and overruled by the court.   There was final judgment for the defendants.

The appellants assign as errors:

1. The overruling of the demurrer to the second paragraph of the answer.

2. Overruling the motion for a new trial.

3. Refusing to allow the plaintiffs to dismiss their action in the circuit court.

The appellees assign as a cross error the overruling of the demurrer to the complaint.

We do not deem it necessary to consider all the errors alleged by the appellants.   The third error is based on this state of facts: After the court had instructed the jury, and requested the clerk to swear a bailiff to take charge of them, but before the bailiff had been sworn, and before the jury had retired, the plaintiffs moved the court for leave to dismiss their action, which the court refused, because it was too late.   We think this was an error.   2 G. & H. 216, sec. 363.

But, in our opinion, the cross error must be sustained on account of a defect in the complaint.   The complaint fails to allege the amount of the fee due to the plaintiffs, either by stating a contract as to the amount, or by averring the value of the services.   We can not hold that the amount mentioned in the notice of lien can be regarded as the true amount, in the absence of any averment on the subject.

The judgment is reversed, with costs against the appellants, and the cause remanded, with instructions to sustain the demurrer to the complaint.