BEARD *v.* BECKER ET AL.

PRACTICE.—*Dismissal Without Prejudice.*—After hearing the evidence in a cause, the court intimated that there was no evidence to sustain some of the material allegations of the complaint, whereupon the plaintiff requested the court to make a special finding of the facts, to which the court consented. Afterward, on the same day, and before any further proceedings were announced, the plaintiff filed a written dismissal of his action, and asked leave to dismiss without prejudice, but the court refused to grant such leave. Three days afterward the court announced a special finding, upon which judgment was rendered.

*Held,* that, under section 363 of the practice act, the leave to dismiss should have been granted.

*Held,* also, that, if the court intended its intimation as to the insufficiency of the evidence as an announcement of its finding, such announcement was withdrawn by its subsequent agreement to make a special finding.

From the Shelby Circuit Court.

J. B. McFadden, for appellant.

NIBLACK, J.—John Beard brought this action against Henry Becker and John H. Becker:

First. To obtain a judgment against Henry Becker, on a promissory note executed by him for the alleged purchase-money of certain real estate;

Secondly. To enforce a vendor's lien on such real estate, in the hands of John H. Becker, who had become a subsequent purchaser with notice, as it was claimed.

The defendant answered in general denial, and the cause was submitted to the court for trial.

After hearing the evidence, the court intimated that there was no evidence to sustain some of the material allegations of the complaint. Whereupon the plaintiff requested the court to make a special finding of the facts, to which the court consented. Afterward, on the same day, and before any further proceedings in the cause were announced by the court, the plaintiff filed a written dismissal of his action, and asked leave to dismiss the action without prejudice, but the court refused to grant him such leave, and to permit him to dismiss the action. About three days afterward, the court announced a special finding of the facts, upon which a judgment was rendered against Henry Becker, for the amount of the note, and in favor of John H. Becker, for his costs.

The plaintiff has appealed, and assigned error upon the refusal of the court to permit him to dismiss his action.

Section 363 of the code provides that an action may be dismissed by the plaintiff, without prejudice, before the jury retire; or, when the trial is by the court, at any time before the finding of the court is announced. 2 R. S. 1876, p. 184.

No brief has been filed by the appellees. We are therefore without the assistance which such a brief might have rendered us.

As we construe the facts presented in this case, no actual finding had been made by the court at the time the plaintiff asked to have his action dismissed, and we are unable to see any sufficient reason for the refusal of the court to dismiss the action. If the court intended its intimation as to the insufficiency of the evidence in some respects, as an announcement of its finding, such announcement was clearly withdrawn by its subsequent agreement to make a special finding of the facts.

We think the court erred in denying the right of the plaintiff to dismiss his action. *Walker* v. *Heller*, 56 Ind. 298; *Dunning* v. *Galloway*, 47 Ind. 182; *Miller* v. *Mans*, 28 Ind. 194; *Sanders* v. *Sanders*, 24 Ind. 133; *Crain* v. *Hilligross*, 21 Ind. 210.

The judgment is reversed, as to both the appellees, with costs, and the cause remanded with instructions to the court below to dismiss the action, without prejudice.