## BURNS ET AL. *v.* REIGELSBERGER ET AL.

PRACTICE.—*Dismissal of Action.*—A plaintiff may dismiss his action, without prejudice, at any time "before the jury retires" when tried by a jury, or, when tried by the court, "at any time before the finding of the court is announced;" and language used by the court, after the argument by counsel, in stating that there was a lack of evidence necessary to sustain one branch of the plaintiff's case, can not fairly be construed to be the announcement of its finding.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson,* for appellants.

*A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellees.

BIDDLE, J.—Complaint by the appellees, to recover a money judgment, and to set aside certain deeds of conveyance of lands, alleged to be fraudulent, and to subject the property to the payment of the debt. The cause was tried by the court. After hearing the evidence and argument of counsel, the court permitted the appellees to dismiss their action, over the objections and exceptions of the appellants. Judgment for defendants. Appeal.

The ruling of the court in permitting the appellees to dismiss their action presents the only question before us.

A bill of exceptions informs us, that, at the close of the evidence, "The court inquired of the counsel for the respective parties, whether they desired to make any argument in the cause, in response to which inquiry the counsel for defendant, by way of argument, insisted that, 'under the evidence in the cause, the only judgment to which the plaintiff was entitled was a personal judgment against the defendant David Burns, for the amount of the principal, interest and costs of the judgment assigned to her by Morrison, including the costs of this suit, for the reason that she had failed to establish any other branch of the case; that she had failed to show the alleged insolvency of the defendant David Burns, at the time of making the

said conveyance alleged in the complaint, or at any other time.' Whereupon the court inquired of counsel for the plaintiff, if they desired to reply to the argument of defendants' counsel, in response to which plaintiffs' counsel, by way of argument, insisted 'that they had proven all that was necessary to establish the alleged fraud, and that, under the evidence, the plaintiff was not only entitled to a judgment for the amount of the principal, interest and costs of the judgment assigned to her by Morrison, including the costs of this suit, but that she was entitled to have said conveyance set aside, and the property so conveyed subjected to the payment of said judgment.'

" Whereupon the court remarked to the plaintiffs' counsel, that, 'in order to have the said conveyance set aside, and the property so conveyed subjected to the payment of the plaintiffs' judgment, it was necessary for her to show the insolvency of the defendant David Burns, at the time the said conveyance was made to his wife. The court remarked that there was no evidence of the insolvency of Burns at the date of the deed to his wife. A man has a right to make a conveyance of his property without consideration therefor, provided he does not thereby prejudice the rights of his creditors.'

" And thereupon the plaintiffs asked leave to dismiss their cause and withdraw papers, to which the defendants at the time objected, which objection was overruled and excepted to. And thereupon the court permitted the plaintiffs to dismiss their said cause, and withdraw all papers by them therein filed, without prejudice to another action therein."

The statute upon the dismissal of actions by the plaintiff, without prejudice, is as follows :

" Sec. 363. An action may be dismissed without prejudice :

"*First.* By the plaintiff, before the jury retire; or when

the trial is by the court, at any time before the finding of the court is announced." 2 R. S. 1876, p. 184.

The question before us is : Did the appellees ask leave to dismiss their cause of action before the finding of the court was announced ?

The appellants cite the case of *Livergood* v. *Rhoades*, 20 Ind. 411; but in that case the court had announced its finding as to one of the defendants, before the plaintiff interposed his motion for a nonsuit. They also cite *Walker* v. *Heller*, 56 Ind. 298. In that case, the court had not only announced its finding, but it had been entered of record two days, before the plaintiff asked leave to dismiss his action. We do not think that those cases support the views of the appellants.

In the present case, the language of the court, in speaking of the evidence necessary to sustain one branch of the case, can not fairly be construed to be the announcement of its finding on the issues, or either of them. The statute, and the cases decided by this court, clearly show that a plaintiff, when the case is tried by a jury, may dismiss his action without prejudice, at any time " before the jury retire ; or when the trial is by the court, at any time before the finding of the court is announced ; " and not afterwards. *Doughty* v. *Elliott*, 8 Blackf. 405 ; *Long* v. *Thwing*, 9 Ind. 179 ; *Crain* v. *Hilligross*, 21 Ind. 210 ; *Sanders* v. *Sanders*, 24 Ind. 133 ; *Miller* v. *Mans*, 28 Ind. 194 ; *Dunning* v. *Galloway*, 47 Ind. 182 ; *Beard* v. *Becker*, 69 Ind. 498.

The judgment is affirmed, at the costs of the appellants.