DANIEL WYATT v. MARTIN L. SWEET.

*Accounting—Consent order—Dismissal of bill—Order for payment.*

48 539
f152 ²237

Where one of two persons engaged in a joint enterprise in the nature of a partnership files his bill for a mutual accounting and the other answers and submits himself to the doctrine applicable to the class of cases in which he is impleaded, the parties have become litigants under the particular head of jurisdiction appealed to.

After a consent order has been entered for a mutual accounting before a commissioner the defendant has acquired rights; and the complainant cannot, by a common order, dismiss his bill and cut off the accounting.

If an order entered by complainant dismissing his bill is operative, he cannot be affected by subsequent irregularities in practice disregarding it.

Where a proceeding is had for a mutual accounting and a balance is found due from complainant a cross-bill is not necessary to authorize the court to order payment.

Parties to a suit for a mutual accounting construe their arrangement and relation when they unite in a consent order.

Appeal from Kent. Submitted June 8. Decided June 14.

BILL for accounting. Defendant appeals. Decree modified.

*Taggart & Wolcott* for complainant. On a bill answer and proofs the defendant cannot have affirmative relief, but must file a cross-bill therefor. 2 Barb. Ch. 126–8 ; 2 Dan. Ch. Pr. 1647; *Vary v. Shea* 36 Mich. 398; *Andrews v. Gilman* 122 Mass. 471; except where a bill is filed after dissolution of a co-partnership for a settlement of the partnership affairs : *Scott v. Pinkerton* 3 Edw. Ch. 70 ; *Raymond v. Came* 45 N. H. 201; complainant in a chancery suit can dismiss his bill on his own motion at any time before final decree, on payment of costs : 1 Barb. Ch. 225 ; Dan. Ch. Pr. 797.

*Norris & Uhl* for defendant. The action of account fell into disuse in Elizabeth's time because it was not adapted to taking *mutual* accounts, and a court of law could not compel payment of the balance if it turned against the plaintiff : 1 Spence Eq. Jur. 650; but in equity if a balance is found for the defendant in a bill for an accounting, he is entitled to a decree therefor : 1 Story's Eq. Jur. (Redfield) §§ 443, 522; 3 Dan. Ch. Pr. (4th ed.) 2193 ; *Raymond v. Came* 45 N. H. 201; *Atkinson v. Cash* 79 Ill. 58; *Hall v. McPherson* 3 Bland 533 : 1 Bland 404; *Payne v. Graves* 5 Leigh 561; but the order for payment is not usually made until the account is taken, and it is made part of the final decree : *Enos v. Sutherland* 9 Mich. 148; *Kingsbury v. Kingsbury* 20 Mich. 214; and it forms part of the relief upon the bill :

*Campbell v. Campbell* 4 Halst. 741; and if complainant is found indebted the bill should not be. dismissed, but he should be ordered to pay the balance against him: *Scott v. Pinkerton* 3 Edw. Ch. 71; a cross-bill should not be filed where the defendant can obtain in the original writ the relief sought: *Scott v. Lalor* 18 N. J. Eq. 301; *Bogle v. Bogle* 3 Allen 161; the filing of the bill enables the court to give the proper relief: *Colombian Gov. v. Rothschild* 1 Sim. 103; and a complainant cannot dismiss his bill by common order after a consent decree: 1 Dan. Ch. Pr. (4th ed.) 793; 1 Barb. Ch. Pr. 228; *Watt v. Crawford* 11 Paige 472; a consent decree cannot be reversed on appeal or modified on rehearing or dismissed, without farther consent of the parties: *Armstrong v. Cooper* 11 Ill. 540; *Leitch v. Cumpston* 4 Paige 478; *Stephens v. Railroads* 4 Fed. Rep. 110; *Monell v. Lawrence* 12 Johns. 535; *Atkinson v. Manks* 1 Cow. 709; *Coster v. Clarke* 3 Edw. Ch. 410; leave to dismiss would not have been given on motion: *Seymour v. Jerome* Walk. Ch. 356.

GRAVES, C. J.  A particular discussion of this case would be a waste of time. The citations made by defendant's counsel cover every question and are conclusive. The court below erred in refusing to decree payment to defendant of the balance found to be his due.

The parties had carried on a joint enterprise in the nature of a partnership and complainant filed his bill for a mutual accounting according to the course and practice of the court. The defendant answered and submitted himself to the doctrine applicable to the class of cases in which he was impleaded. The parties were hence litigants under the head of jurisdiction where each is considered as an actor. After considerable evidence had been taken and all necessary preliminary information had been obtained and on the 3d of March, 1880, an interlocutory decretal order that the parties mutually account before a commissioner was regularly framed and entered by consent. It provided among other things that he should make all just allowances and report such

balance as he should find to be due from either to the other.
Both parties proceeded at much length under the order;
but it finally appearing probable that the result would be
adverse to the complainant he entered a common order pur-
porting to dismiss the bill and frustrate the foreshadowed
result.    This was in September, 1880.

The defendant correctly assuming that the case being for
a mutual accounting, a right had accrued to him, and espe-
cially after the consent order and the action taken under it,
which could not be cut off by this summary expedient of a
common order, he accordingly disregarded the attempt, and
went on with the reference; and on the 31st of Decem-
ber, afterwards, the commissioner made his report by which
he found due to the defendant at that date the sum of
$3750.56.

On the 18th of the succeeding January the complain-
ant filed three exceptions to the report; the first being that
the bill had been dismissed; but the other two were objec-
tions to matters of practice which had happened subsequent
to the order for dismissing the bill.    They were not legiti-
mate objects of exceptions.    In thus appearing, however, to
except for irregularities claimed to have occurred after the
order, the complainant seems to have wanted confidence in
the efficacy of the order itself.    If that was operative he
could not be affected by irregularities afterwards.    But this
is not very important.

October 1, 1881, both parties appeared and were heard on
the exceptions and the court made an order expressly over-
ruling them and confirming the report.    Whether by this
practice the complainant might be held to have waived the
order of dismissal is not material.

December 13, 1881, the cause was brought to final hear-
ing and the court adjudged that there was due the defend-
ant from complainant the said sum of $3750.56, with inter-
est from December 31st, 1880, the date of the report.    But
this determination was followed by a declaration that the
court doubted its authority to give affirmative relief to the
defendant, and thereupon the bill was dismissed with costs

from complainant to the defendant. The complainant acquiesced in the proceedings. But the defendant claiming that he ought to have a decree for the adjudged balance took an appeal.

It seems to have been thought by the circuit judge that a cross-bill was necessary to enable the court to order payment by complainant. In this the court labored under misapprehension. The case itself was a case of cross claims. The object of it was for each side to bring forward his demands and have them judicially liquidated and those on one side applied to compensate those on the other until a final balance should be obtained as due from defendant to complainant, or from complainant to defendant, no matter which, and for the court after ascertaining the true balance to proceed and close the controversy and do complete justice by ordering payment.

The decree must be modified by striking out so much thereof as refuses to grant relief to the defendant and orders a dismissal of the bill; and by inserting the relief which ought to have been given as herein explained, and the defendant will recover his costs of this court.

CAMPBELL and COOLEY, JJ. concurred.

---

Afterwards, at the October term, 1882, complainant moved for a re-hearing. Motion submitted October 3. Denied October 11.

*Taggart* for the motion.

*Uhl* against.

PER CURIAM. On full consideration we are satisfied that no ground exists for any revision of the view heretofore taken of this case. The parties construed their arrangement and relation when they entered into the consent order, and the authorities are full to show that they did not materially err in doing so.

The motion for re-hearing is denied with costs.