### PULLMAN'S PALACE-CAR CO. *v.* CENTRAL TRANSP. CO.[1]

*(Circuit Court, E. D. Pennsylvania.  December 14, 1891.)*

1. EQUITY—DISCONTINUANCE—CROSS-BILL.
    The complainant in an equity suit will not be allowed to discontinue where an injunction has been granted and the defendant seeks, by a cross-bill consonant with the purpose of the original bill, to take advantage of the testimony in the case and to secure rights which he would otherwise have to secure by an independent action.
2. SAME—WHEN CROSS-BILL MAY BE FILED.
    A cross-bill may be filed after answer filed, where the complainant is seeking to discontinue, and the object of the cross-bill is to enable the defendant to take an aggressive attitude and settle finally the rights in litigation.

In Equity.  Motion by complainant for leave to discontinue and by defendant for leave to file a cross-bill.  Bill by Pullman's Palace-Car

[1]Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

Company against the Central Transportation Company to enjoin it from collecting rent under lease, to ascertain compensation due for the use of cars and to terminate relations between parties, and for a preliminary injunction restraining the collection of rent accruing subsequently. Complainant's motion refused. Defendant's granted.

*Wayne MacVeagh, J. H. Barnes,* and *A. H. Wintersteen,* for complainant, cited as to right to dismiss:

*Chicago & A. R. Co.* v. *Union Rolling-Mill Co.,* 109 U. S. 702, 3 Sup. Ct. Rep. 594; *Railroad Co.* v. *Hendee,* 27 Fed. Rep. 678; *American Zylonite Co.* v. *Celluloid Manuf'g Co.,* 32 Fed. Rep. 809.

*John G. Johnson,* for defendant.

Before ACHESON, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge. The bill which the plaintiff asks leave to withdraw, avers (among other things) that the lease therein named is invalid; and furthermore, that (if it is not) the plaintiff is authorized by its eighth section, and the happening of a contingency therein stated, to terminate it, on notice to the defendant; that the contingency has happened, the authority been exercised and notice given. It therefore prays the court to enjoin the defendant against proceeding at law to collect rent under the lease; to assist the plaintiff in making delivery of the leased property, and in ascertaining what compensation should be rendered to the defendant for its previous use; and generally to afford its aid in settling the controversy which has arisen out of the transactions between the parties, and terminating, finally, their relations. The court, acknowledging the plaintiff's right to terminate the lease under the circumstances stated, granted an injunction against proceeding at law to recover rent accruing subsequently to such notice; and declined to interfere with an action, then pending, brought to recover rent previously due, because the question of validity raised, could be interposed and decided on the trial thereof. Subsequently on such trial, and review by the supreme court, the lease was found to be invalid. The plaintiff in the bill now seeks to discontinue proceedings under it, while the defendant endeavors, through the instrumentality of a cross-bill, to avail himself of its use as a means of recovering possession of his property, or its equivalent, and compensation for the plaintiff's enjoyment of it under the lease. We do not think the plaintiff's motion should prevail. The propriety of allowing discontinuances in equity depends upon whether defendants may be prejudiced thereby. A decree, or decretal order, entered is usually a conclusive answer to the application. Here, not only was such an order entered, but it now appears that the proceeding, or a similar independent one commenced by himself is the defendant's only means of enforcing his rights—rights which the bill in a measure concedes. The principal object of the proceeding, originally, was to accomplish the object which the defendant now seeks; and considerable testimony has been taken with a view to this end. The defendant would, therefore, be seriously prejudiced by its discontinuance. Not

only would he lose the benefit of this testimony, but he would also be delayed, and might be compelled to seek the plaintiff in another jurisdiction. The object of the cross-bill is to enable the defendant to assume an aggressive attitude in the proceeding, and to use it as a means of settling and closing up the entire controversy on which it is founded. This object seems proper and commendable; and we do not find anything in the rules governing equity pleading, which forbids its allowance. The decisions in which it has been held that cross-bills come too late after answers have been filed—that they should be presented as soon as practicable, so as to avoid delaying the plaintiff's efforts to obtain a trial,—are not applicable to the circumstances of this case. The plaintiff's motion must therefore be dismissed and the defendant's allowed.

ACHESON, Circuit Judge, concurs.