GASSMAN v. JARVIS.

(Circuit Court, D. Indiana. May 27, 1899.)

1. FEDERAL COURTS—STATE PRACTICE.
    Whether a plaintiff in a federal court may dismiss a case without prejudice is governed by the state statutes.

2. RIGHT TO DISMISS—TIME OF DISMISSAL.
    The announcement by the court of its intention to give a binding instruction for defendant does not bar plaintiff's right to dismiss, under 1 Burns' Rev. St. 1894, § 336, which provides that an action may be dismissed by plaintiff before the jury retires.

Motion to Set Aside the Verdict and Dismiss the Cause.

Bennet H. Young, Tuley & Hester, and Miller & Elam, for plaintiff.

J. D. Wellman and W. L. Taylor, for defendant.

BAKER, District Judge. This is an action for the recovery of damages for a personal injury. The case was tried to a jury. At the close of the plaintiff's testimony, counsel for the defendant gave notice that he desired the court to give to the jury a binding instruction to find for the defendant, and stated that he desired to be heard on that question. Thereupon the court directed the jury to withdraw from the court room, and the question whether or not such an instruction should be given was argued by counsel for the respective parties. At the close of the argument the court reviewed the testimony in the case, and at its conclusion announced that it would direct the jury to find a verdict for the defendant. The court then directed the bailiff to bring the jury into the court room, and have them take their seats in the jury box, for the purpose of giving them an instruction to find for the defendant. While the jury were returning to their box, and before they had all done so, the plaintiff, by counsel, notified the court that he would dis-

miss the case, and asked leave to do so. Counsel for the defendant objected to such dismissal, and insisted on the right to a verdict. The court refused to permit a dismissal of the case, to which plaintiff, by counsel, excepted, and the jury were then instructed by the court to return a verdict for the defendant, which they did. The plaintiff now moves the court to set aside the verdict, and to dismiss the cause pursuant to his motion.

The statute of this state rules the question. Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24, 40, 11 Sup. Ct. 478. The statute reads: "An action may be dismissed without prejudice, first, by the plaintiff before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced." 1 Burns' Rev. St. 1894, § 336. A careful examination of the authorities has convinced me that the announcement by the court of its intention to give a binding instruction to the jury to find for the defendant was not such a submission of the case as to bar the plaintiff's right to dismiss before the jury had retired. Even after such an instruction had been given to the jury, it would not be too late to dismiss. The actual withdrawal of the jury from their seats to consider of their verdict would not be necessary to constitute a retirement, within the meaning of the statute. If the court has given the cause in charge to the jury for their consideration, even though they remain in their box, this would constitute a retirement, within the meaning of the statute, and would toll the plaintiff's right to dismiss. Burns v. Reigelsberger, 70 Ind. 522; Beard v. Becker, 69 Ind. 498; Crafton v. Mitchell, 134 Ind. 320, 33 N. E. 1032, Mitchell v. Friedley, 126 Ind. 545, 26 N. E. 391; Cohn v. Rumely, 74 Ind. 120; Dunning v. Galloway, 47 Ind. 182; Beals v. W. U. Tel. Co. (Neb.) 74 N. W. 54; Banking Co. v. Ball (Kan. Sup.) 48 Pac. 137; Hensley v. Peck, 13 Mo. 587; Templeton v. Wolf, 19 Mo. 101; Lawrence v. Shreve, 26 Mo. 492; Mullen v. Peck, 57 Iowa, 430, 10 N. W. 829; Harris v. Beam, 46 Iowa, 118; Vertress v. Railroad Co. (Ky.) 25 S. W. 1; Thrasher v. Ballard, 33 W. Va. 285, 10 S. E. 411; Wolcott v. Studebaker, 34 Fed. 8; Pleasants v. Fant, 22 Wall. 116, 122. Here the jury had not been instructed, and the only thing which the court had done was to announce to the parties and their counsel what instruction the court would give. The motion to dismiss, having been made before the jury had been instructed, and before their retirement, was seasonably made, and it ought to have been sustained. This conclusion is supported by the authorities above cited, and is in conformity with the practice of Drummond, circuit judge, and Blodgett and Dyer, district judges, in this circuit, as appears from the case of Wolcott v. Studebaker, 34 Fed. 8, 13. After the trial has actually begun, the plaintiff, at common law, has no absolute right to a dismissal, and whether a dismissal will be permitted rests in the sound discretion of the court. Stewart v. Gray, Fed. Cas. No. 13,428a; Johnson v. Bailey, 59 Fed. 670. The verdict of the jury is set aside, and the motion of the plaintiff to dismiss the cause is sustained. The clerk will enter an order accordingly.