## MOORE-MANSFIELD CONSTRUCTION COMPANY *v.* MARION, BLUFFTON AND EASTERN TRACTION COMPANY ET AL.

[No. 7,998. Filed March 4, 1913.]

1. APPEAL.—*Review.—Answer in Abatement.—Sufficiency.—Failure to Point Out Defect.*—An answer in abatement which appears to state sufficient facts will be deemed on appeal to be sufficient to withstand a demurrer, where appellant fails to point out any specific defect therein. p. 551.

2. DISMISSAL.—*Right to Dismiss.—Common-Law Rule.—Statutes.*—The rule prevailing in common-law jurisdictions, that the plaintiff in an action at law has a right to dismiss his action at any time before verdict, but that complainant in a suit in equity does not possess a similar right, is not applicable in this State, since under §249 Burns 1908, §249 R. S. 1881, providing that there shall be but one form of action denominated a civil action, and abolishing all distinctions in pleading and practice between actions at law and suits in equity, the provisions of §338 Burns 1908, §333 R. S. 1881, that a plaintiff may dismiss his action at any time before the jury retires, or, when the trial is by the court, at any time before the finding of the court is announced, must be held to apply

to a civil action, regardless of whether the relief sought is legal or equitable. pp. 553, 554.

3. ACTIONS.—*Actions at Law.—Suits in Equity.—Effect of Statute Abolishing Distinctions.*—Section 249 Burns 1908, §249 R. S. 1881, providing that there shall be but one form of action, denominated a civil action, and abolishing all distinctions in pleading and practice between actions at law and suits in equity, neither abridges the power of courts to grant equitable relief nor changes the rules of law or principles of equity as applied in determining the substantial rights of the parties, though in some instances it changes the form of procedure by which the remedy is obtained. p. 554.

4. COURTS.—*Judicial Duties.—Master Commissioner.—Report.*— The report of a master commissioner is not a finding of the court, since a master commissioner is not a court, and judicial duties, which a court alone can exercise, cannot be conferred on him. p. 555.

5. DISMISSAL.—*Right to Dismiss.—Report of Master Commissioner as Affecting Right.*—The right of plaintiff to dismiss his action, under §338 Burns 1908, §333 R. S. 1881, providing that plaintiff may dismiss at any time before the finding of the court is announced, is not affected by the fact that prior to asking the dismissal, the report of the master commissioner, to whom the case had been referred, had been prepared and copies submitted to the parties. p. 555.

6. DISMISSAL.—*Wrongful Dismissal.—Effect.*—Where a court has jurisdiction of the subject-matter and of the parties to the action, an order of dismissal wrongfully entered is not ineffective, but merely erroneous, and is binding on the parties unless reversed on appeal or set aside in a direct proceeding brought for that purpose. p. 555.

7. DISMISSAL.—*Collateral Attack.*—An order of dismissal, even if erroneous, is not subject to collateral attack. p. 555.

8. DISMISSAL.—*Voluntary Dismissal.—Effect as to Set-off.—Rights of Defendant.*—A set-off is not affected by the dismissal of the cause of action stated in the complaint, but defendant may proceed to final judgment on the issues tendered by such set-off, although the court, in determining the questions thus presented, would have no right to consider any issues formed on the complaint. p. 555.

9. APPEAL.—*Review.—Assumption That Trial Court Will Err.*— The court on appeal has no right to assume that a trial court, in passing on a matter, will consider questions not presented by the pleadings then on file. p. 556.

10. ABATEMENT.—*Another Action Pending.—Evidence.—Sufficiency.* —An answer in abatement on the ground that another action is

550 APPELLATE COURT OF INDIANA,

Moore-Mansfield, etc., Co. v. Marion, etc., Co.—52 Ind. App. 548.

pending is not sustained by evidence showing that a former action was commenced on the same cause of action, where it is also apparent that such former action was dismissed and was not pending when the latest action was filed. p. 556.

11. PLEADING.—*Pleas to Jurisdiction.—Requisites.*—An answer denying the jurisdiction of the court is a dilatory plea and must be certain and definite and must anticipate and exclude all such supposable facts as would, if alleged on the opposite side, defeat the plea, since nothing can be supplied by intendment. p. 557.

12. VENUE.—*Joinder of Several Defendants.—Answer in Abatement.—Sufficiency.*—Under §315 Burns 1908, §312 R. S. 1881, authorizing an action against two or more defendants, jointly liable, in the county where either resides, jurisdiction is not acquired by a defendant against whom plaintiff has a cause of action, in an action brought in a county of which he is not a resident, by joining him as a codefendant with a person residing where the action is brought, but against whom plaintiff has no cause of action, so that an answer showing that jurisdiction of a defendant could not have been acquired by the service of summons in the county where the action was brought, and that the other defendant, who resided in such county, was not in any way indebted to plaintiff on the cause of action stated in the complaint, stated facts sufficient to abate the action. p. 558.

13. PLEADING.—*Demurrer.—Admissions.*—For the purpose of testing the sufficiency of a pleading, a demurrer admits the truth of its averments. p. 558.

14. PLEADING.—*Answer in Abatement.—Joinder of Matter in Abatement With Matter in Bar.—Waiver of Grounds of Abatement.*—A plea in abatement must precede a plea in bar, and where matter in abatement is joined in the same paragraph with matter in bar, the matter in abatement is waived and may be stricken out on motion. p. 558.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Moore-Mansfield Construction Company against the Marion, Bluffton and Eastern Traction Company and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Wm. A. Ketcham* and *Lesh & Lesh,* for appellants.
*Abram Simmons* and *Frank C. Dailey,* for appellees.

LAIRY, J.—Appellant filed its complaint in the Huntington Circuit Court, by which it sought to recover from appellees a large sum of money alleged to be due it on various

NOVEMBER TERM, 1912. 551

Moore-Mansfield, etc., Co. v. Marion, etc., Co.—52 Ind. App. 548.

claims arising out of the construction of an electric inter-urban railway. Each appellee filed a separate answer in abatement to which a separate demurrer by appellant was addressed and overruled. The issues were closed by a reply in general denial to each paragraph of the answer in abatement. A trial resulted in a judgment in favor of appellees on such answers. The answer in abatement by the Bluffton and Marion Construction Company is in two paragraphs, the first of which is similar in its essential averments to the one paragraph of answer filed by the other appellee.

1. Each of these paragraphs appears to the court to state facts sufficient to constitute a cause for the abatement of the action, and as appellant has not called our attention to any specific defect they will be deemed sufficient to withstand a demurrer.

It is claimed on behalf of appellant that the evidence is not sufficient to sustain these paragraphs, and that the result of this appeal depends on a decision of the question thus presented. This question must be determined from a consideration of the evidence in connection with the answers in support of which it was admitted. These answers aver, in substance, that prior to the commencement of this action appellant brought an action in the Circuit Court of Huntington County, Indiana, against the two appellees in this action alleging the same cause of action against them as is set out in the complaint filed in this case. It is further alleged that the parties to the action previously filed are the same as the parties to this action, and that the same is still pending in said court and is undetermined. The evidence adduced at the trial consisted entirely of records and documents, being the pleadings and other papers filed in the former case and the order-book entries made therein. It seems to be conceded by appellant that the complaint filed in the action referred to in appellees' answers in abatement states the same cause of action stated by the complaint in the case at bar, the only difference being that the complaint

in the former action stated facts on which a mechanic's lien was asserted, and that it asked a foreclosure of such lien. It is also conceded by appellant that since the decision of the Supreme Court of this State in the case of *Indianapolis, etc., Traction Co. v. Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 90 N. E. 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85, the complaint in question does not state facts sufficient to show a lien in favor of appellant or to entitle it to a foreclosure; and that it states only a cause of action for damages for breach of contract, work and labor done and materials furnished; and that, so considered, the issues tendered by the complaint in the action previously filed are identical with those tendered by the complaint in this action.

The evidence also shows that the plaintiff in the former action, on August 30, 1909, dismissed its action against the defendants, in vacation, and that at the next term the court, over the objections of the defendants, entered a judgment dismissing plaintiff's cause of action as set out in its complaint without prejudice, and awarding to defendants their costs. It thus appears that the issues joined on the complaint and the answers thereto were withdrawn from the consideration of the court before the commencement of this action, and that no cause of action, based on the issue presented by the complaint, was pending at the time this action was commenced.

Appellees state that appellant had no right to dismiss its complaint as it did, at the time and under the circumstances disclosed by the record introduced in evidence. The evidence shows that issues were formed in the former action by defendants' filing an answer in eight paragraphs, the first of which was a general denial and the last of which was a set-off, and by a general denial to the affirmative paragraphs of answer and to the set-off. The case was then referred to a master commissioner to take testimony and

report his findings to the court. At the time this reference was made, the court and the attorneys were treating the case as one for foreclosure of a subcontractor's lien. After the court had made the order dismissing plaintiff's cause of action as stated in its complaint, the commissioner to whom the case had been referred filed his report, with the court's finding on all the issues made by the pleadings. Plaintiff unsuccessfully objected to the filing of this report, and afterward moved to strike it from the files, which objection was overruled. Afterward plaintiff filed exceptions to the report of the master commissioner, and, so far as the evidence in this case shows, the exceptions so filed were pending at the time the answers in abatement were filed in this case.

We will first consider the right of plaintiff to dismiss the cause of action stated in the complaint. Under the common-law practice, a plaintiff in an action at law had a right to dismiss his action at any time before verdict, but in a suit in equity the complainant did not possess a similar right, the privilege being granted or withheld by the chancellor. A dismissal was allowed in cases where it would work no hardship or injustice to the defendant, but the right was denied where, in the opinion of the chancellor, the defendant would be injured by the termination of the suit, or where the dismissal would be inequitable. This rule still seems to prevail in states where the common-law pleading and practice are adhered to, and where it has not been changed by statute. *Electrical Accumulator Co.* v. *Brush Electric Co.* (1890), 44 Fed. 602; *Chicago, etc., R. Co.* v. *Union Rolling-Mill Co.* (1884), 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081; *Watt* v. *Crawford* (1845), 11 Paige 470.

In jurisdictions where the common law prevails, it has been held that no dismissal will be allowed in equity after an order of reference has been made. *Pullman's Palace-Car*

554    APPELLATE COURT OF INDIANA,

Moore-Mansfield, etc., Co. v. Marion, etc., Co.—52 Ind. App. 548.

Co. v. Central Transp. Co. (1891), 49 Fed. 261; Briscoe v. Brett (1814), 2 Ves. & B. 377; Wyatt v. Sweet (1882), 48 Mich. 539, 12 N. W. 692, 13 N. W. 525.

By an application of this rule and on the authorities cited in its support, appellees insist that appellant in the former action had no right to dismiss the cause of action stated in the complaint, and that for this reason we must regard it as still pending. This position cannot be maintained.

3. Under the provisions of our code there is no distinction in pleading and practice between actions at law and suits in equity. §249 Burns 1908, §249 R. S. 1881. This statute does not abridge the power of the court to grant equitable relief, neither does it change the rules of law or the principles of equity as applied in determining the substantial rights of parties, but in some instances it does change the form of procedure by which the remedy is obtained. Emerick v. Miller (1902), 159 Ind. 317, 64 N. E. 28; Terre Haute, etc., R. Co. v. State, ex rel. (1902), 159 Ind. 438, 65 N. E. 401.

2. The section of our code heretofore cited provides that there shall be but one form of action for the enforcement or protection of private rights, and the redress of private wrongs, which is denominated a civil action. A statute providing for the dismissal of actions, enacted after the adoption of the code, must be held to apply to a civil action, regardless of whether the relief sought is legal or equitable. Section 338 Burns 1908, §333 R. S. 1881, provides that an action may be dismissed by the plaintiff, without prejudice before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced. The next succeeding section provides for a dismissal in vacation. The distinction contended for by appellees has never been recognized in this State, and the provisions of the statute have been frequently invoked in the dismissal of actions which prior to the enactment of the code were of exclusive equitable jurisdiction. Beard v.

*Becker* (1880), 69 Ind. 498; *Burns* v. *Reigelsberger* (1880), 70 Ind. 522.

The report of the commissioner was not the finding of the court. A master commissioner is not a court, and judicial duties which courts alone can exercise cannot be conferred on him. *Terre Haute, etc., R. Co.* v. *State, ex rel., supra; Shoultz* v. *McPheeters* (1881), 79 Ind. 373.

At the time of the dismissal of the cause of action stated in the complaint in the former action the commissioner had prepared his report, and, at the request of counsel, had furnished to them copies of such report, but it had not yet been filed. The court under such circumstances properly ordered a dismissal on the motion of plaintiff. *Crafton* v. *Mitchell* (1893), 134 Ind. 320, 33 N. E. 1032; *Mitchell* v. *Friedley* (1890), 126 Ind. 545, 26 N. E. 391.

There is another and more cogent reason why the order of dismissal, entered in the former action, is binding on the parties. The court had jurisdiction of the subject-matter and of the parties to the action, and the question was properly before the court for decision. It had the power to decide and might decide right or wrong. Under such circumstances, an order of dismissal wrongfully entered would not have been ineffective but merely erroneous. It would have been binding on the parties unless reversed on appeal or set aside in a direct proceeding brought for that purpose. It could not be collaterally attacked. 14 Cyc. 421; *County of Northampton* v. *Geisinger* (1885), 1 Lehigh Val. Law Rep. (Pa.) 113.

If the eighth paragraph of answer filed by defendants in the former suit is to be treated as a set-off, it would not be affected by the dismissal of the cause of action stated in the complaint. The defendants would have the right to proceed to final judgment on the

issues tendered by the set-off, and to recover thereon any amount shown to be due them from the plaintiff under the issues so formed, but the court would have no right, in determining the questions presented by the set-off and the answers thereto, to consider or determine any issues formed on the complaint. The fact that the master commissioner ignored the dismissal of the cause of action stated in the complaint, and filed a report covering all of the issues originally presented by the pleadings does not in any manner affect the duties of the court in this respect, and

9. we have no right to assume that the court in passing on such report, will consider any question not presented by the pleadings then on file.

The evidence shows without dispute that a former suit was commenced on the same cause of action stated in the complaint in this case, but we think that it is equally

10. apparent from the evidence that the cause of action so begun was dismissed before the complaint in this case was filed, and that it was not then pending and undecided. The evidence is not sufficient to sustain the first paragraph of answer in abatement as filed by each defendant, and a new trial must be granted for this reason.

Neither the allegations of the complaint nor those of the set-off are of such a character as to justify the court in construing either as an equitable action for an accounting. *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464.

Inasmuch as this case will probably be retried, it becomes important for us to determine the sufficiency of the second paragraph of answer in abatement filed by defendant Bluffton & Marion Construction Company. From the averments of this answer it appears that this defendant is a corporation organized under the laws of the State of Indiana, and that its home office and place of business is in Bluffton, Wells county, Indiana, and other facts averred showing that no service of summons could be legally had on this defendant

NOVEMBER TERM, 1912.    557

Moore-Mansfield, etc., Co. v. Marion, etc., Co.—52 Ind. App. 548.

in Huntington county, Indiana, and that no such service was in fact made.

It seems to be conceded by appellant that the averments of the answer are sufficient to show that the Circuit Court of Huntington county did not and could not obtain jurisdiction over the person of this defendant by the service of process in Huntington county, but it is contended that the averments are not sufficient to show that such court did not obtain jurisdiction in some other manner. Our attention is called to §315 Burns 1908, §312 R. S. 1881, which, so far as applicable, reads as follows: "Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found." It is suggested that the venue of the action was properly laid in Huntington county as to the defendant traction company, and that if the defendant filing this answer was joined as a codefendant in such action, the Circuit Court of Huntington county might have obtained jurisdiction of the person of such codefendant by causing a summons to be issued and served on it in Wells county, or in any other county of the State where such service could be legally made. An answer denying the jurisdiction of the court is a 11. dilatory plea and is not regarded with favor. It must be certain and definite, and nothing in its favor can be supplied by intendment. Such a plea must anticipate and exclude all such supposable facts as would if alleged on the opposite side defeat the plea. *Rush* v. *Foose Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143; *Brown* v. *Underhill* (1892), 4 Ind. App. 77, 30 N. E. 430; *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452.

Defendant construction company by its separate answer has endeavored to aver facts showing that the trial court

did not obtain jurisdiction over its person in the manner suggested by appellant. In addition to the facts heretofore stated the answer avers "that its codefendant, the Marion, Bluffton and Eastern Traction Company is not indebted to the said plaintiff for any of the causes of action stated in the complaint or in any paragraph thereof, or for any item of indebtedness stated in said complaint or in any paragraph thereof, and that no contract either express or implied was ever entered into between the plaintiff and the defendant, the Marion, Bluffton and Eastern Traction Company, by which said defendant, the Marion, Bluffton and Eastern Traction Company became indebted to said plaintiff for the cause of action stated in said complaint or in any paragraph of said complaint or for any item of indebtedness stated in said complaint or any paragraph thereof."

The demurrer to this answer admits the truth of the averments quoted for the purpose of testing the sufficiency of the pleading. If these averments are true, they show that the defendant traction company was not liable on the cause of action stated in the complaint, and *a fortiori* that the two corporations who were joined as defendants were not liable to the plaintiff on a joint cause of action. Under our practice, a plea in abatement must precede a plea in bar, and it is well settled that where matter in abatement is joined in the same paragraph with matter in bar, the matter in abatement is waived and may be stricken out on motion. *Smith* v. *Pedigo* (1896), 145 Ind. 361, 422, 33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 838.

We cannot, however, agree with appellant's contention that the averments which we have quoted from the answer go to the merits of the case, and should be regarded as matter in bar. These facts if established by the evidence would not defeat or tend to defeat the plaintiff's cause of action against the party filing this answer.

NOVEMBER TERM, 1912.     559

Moore-Mansfield, etc., Co. *v.* Marion, etc., Co.—52 Ind. App. 548.

A judgment in favor of the defendant construction company on this answer would not even determine that the plaintiff had no cause of action against the defendant traction company so as to be binding between such parties; but it would determine as between the plaintiff and the defendant construction company that the two defendants were not jointly liable. If the defendant construction company was solely liable, it could not be compelled to defend this action on the merits in Huntington county, because it had been joined as a codefendant with another corporation with which it was not jointly liable; and this is true even though the venue as to its codefendant was properly laid in Huntington county, and a summons was properly issued and served on the construction company in another county.

Under the provisions of our statute, a plaintiff may bring an action against two or more persons jointly liable in the county where either resides, and the court may obtain jurisdiction over the persons of the defendants residing in other counties by the issue and service of summons on them in the counties in which they reside; but this does not authorize a plaintiff having a cause of action against a nonresident of the county in which the action is brought to join him as a codefendant with a resident of such county against whom he has no cause of action. If he does so the court does not obtain jurisdiction of the person of such nonresident, because a summons may have been issued and served on him in the county of his residence. A person cannot thus be compelled to defend, in a county other than that of his residence, a case, upon its merits, in which he is solely liable, and such a state of facts, if properly pleaded in abatement and proved, is sufficient to abate the action as to such defendant.

The question here considered has not, to our knowledge, been decided by either the Supreme Court or the Appellate Court of this State. As different forms of practice prevail in the various states, the decisions of other courts of last

resort cannot be considered as directly in point, but the propositions on which our conclusion is based seem to be supported by abundant authority from other states. *Barry* v. *Wachosky* (1899), 57 Neb. 534, 77 N. W. 1080; *Penney* v. *Bryant* (1903), 70 Neb. 127, 96 N. W. 1033; *Hamilton* v. *DuPre* (1900), 111 Ga. 819, 35 S. E. 684; *Adams* v. *Williams* (1906), 125 Ga. 430, 54 S. E. 99; *Atchison, etc., R. Co.* v. *Waddell Bros.* (1905), 38 Tex. Civ. App. 434, 86 S. W. 655.

The judgment is reversed, with directions to grant a new trial.

NOTE.—Reported in 101 N. E. 15. See, also, under (2) 14 Cyc. 402; (3) 1 Cyc. 736; (10) 1 Cyc. 24; (11) 31 Cyc. 168. For a discussion of what constitutes a "final submission" of a cause so as to preclude a voluntary dismissal, see 4 Ann. Cas. 510.