## JONES v. JONES.

### [No. 12,680.   Filed March 18, 1927.]

1.   DIVORCE.—*Statement of judge at close of divorce trial that decree would be denied held not to preclude subsequent dismissal of the cause.*—A wife brought suit for divorce, and her husband filed a cross-complaint, after which, the plaintiff dismissed her complaint.   At the conclusion of the evidence, the judge stated that he would deny the divorce, but the cross-complainant asked leave to introduce further evidence at a later date, which was granted.   At the next term of court, on motion of the defendant, the cause was dismissed.   The plaintiff filed a motion to set aside the order of dismissal and reinstate the cause.   *Held* that the statement of the judge was not the announcement of a finding within the meaning of §354 Burns 1926 so as to preclude the dismissal.   p. 15.

2.   TRIAL.—*Court's announcement of finding withdrawn by order continuing the cause for further evidence.*—The continuance of a cause to hear further evidence, made immediately following the announcement of a finding by the court, would constitute a withdrawal of the announcement.   p. 15.

From Wayne Circuit Court; *Gustave H. Hoelscher,* Judge.

Suit for divorce by Martha Lindsay Jones, in which her husband, William Ellsworth Jones, filed a cross-complaint, after which, she dismissed her complaint. At the following term, the defendant dismissed his cross-complaint, and she filed an application to have the order of dismissal set aside and the cause reinstated. From a denial of this application, she appeals.   *Affirmed.*   By the court in banc.

*G. Andrew Golden,* for appellant.
*G. Edwin Johnston,* for appellee.

REMY, J.—Appellant sued appellee for a divorce. After a cross-complaint had been filed by appellee, appellant dismissed her complaint and answered by denial. At the conclusion of the evidence at the trial of the cause, the court stated that he would deny the divorce. Whereupon appellee asked leave to introduce further evidence in rebuttal at a later date. Leave was granted, and the cause continued. At the next term of court, appellee appeared, and on his motion, made in the absence of appellant, the cause was dismissed. Subsequently appellant filed her motion to set aside the order of dismissal and reinstate the cause. The motion was overruled, and from the court's order denying the motion, this appeal is prosecuted.

It is contended by appellant that when, at the close of the evidence, the court stated that he would refuse to grant a divorce, such statement was an announcement by the court of its finding, within the meaning of §433 of the Code of Civ. Proc. (§354 Burns 1926) which provides: "An action may be dismissed without prejudice, (1) by the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced." In other words, appellant contends that the statement of the court, that the divorce would be denied, was in legal contemplation the rendition of judgment, and would, under above section of the Code, preclude a dismissal of the cause. We do not concur in that view. If it could be said that the remark of the court, made at the conclusion of the evidence, was equivalent to an announcement by the court of its finding, the continuance of the cause to hear further evidence was a withdrawal of the announcement. See

*Beard* v. *Becker* (1880), 69 Ind. 498; *Miller* v. *Mans* (1867), 28 Ind. 194.

Affirmed.

Dausman, J., absent.